## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TERESA WILLINS and JOI BROADNAX,** individually and on behalf of all others similarly situated, | § § § § | |
| **Plaintiffs,** | § § § | |
| **v.** | § § | **CAUSE NO. 3:09-CV-01025-M** |
| **CSA - CREDIT SOLUTIONS OF AMERICA, INC.** | § § § § | |
| **Defendant.** | § § | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant CSA - Credit Solutions of America, Inc. ("CSA" or "Defendant"), files this its Original Answer and Affirmative Defenses to the Complaint filed by Teresa Willins and Joi Broadnax (collectively, "Plaintiffs") and states as follows:

## I.
## ANSWER SUBJECT TO AFFIRMATIVE DEFENSES

1.      With regard to Paragraph 1, CSA admits that Plaintiffs purport to bring suit under the Fair Labor Standards Act, but denies that a collective action is proper.  In all other respects, the allegations in Paragraph 1 are denied.

2.      With regard to Paragraph 2, CSA admits that it has employed debt consultants in Dallas County, Texas.  In all other respects, the allegations in Paragraph 2 are denied.

3.      With regard to Paragraph 3, CSA admits that it has maintained offices in Dallas County, Texas.  In all other respects, the allegations in Paragraph 3 are denied.

4.      CSA denies the allegations in Paragraph 4 of the Complaint.

5.      CSA denies the allegations in Paragraph 5 of the Complaint.

6.      CSA denies the allegations in Paragraph 6 of the Complaint.

7.      CSA denies the allegations in Paragraph 7 of the Complaint.

8.      CSA denies the allegations in Paragraph 8 of the Complaint.

9.      CSA denies the allegations in Paragraph 9 of the Complaint

10.     CSA admits that it has changed its compensation plan, but otherwise denies the allegations of Paragraph 10 of the Complaint.

11.     With regard to Paragraph 11, CSA admits that this Court has jurisdiction over claims of the type alleged in Plaintiffs' Complaint, but denies any violation of law.  In all other respects, the allegations in Paragraph 11 are denied.

12.     CSA admits the allegations in Paragraph 12 of the Complaint.

13.     With regard to Paragraph 13, CSA admits that Teresa Willins works for CSA. CSA is currently without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 13 of the Complaint and therefore denies such allegations.

14.     The allegations in Paragraph 14 set forth a legal conclusion to which no response is required.  To the extent that a response is required, CSA denies the allegations in Paragraph 14 of the Complaint.

15.     CSA admits the allegations in Paragraph 15 of the Complaint.

16.     CSA denies the allegations in Paragraph 16 of the Complaint.

17.     CSA admits that Joi Broadnax works for CSA.   CSA is currently without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 17 of the Complaint and therefore denies such allegations.

18.     The allegations in Paragraph 18 set forth a legal conclusion to which no response is required.  To the extent that a response is required, CSA denies the allegations in Paragraph 18

of the Complaint.

19.    CSA admits the allegations in Paragraph 19 of the Complaint.

20.    CSA denies the allegations in Paragraph 20 of the Complaint.

21.    CSA admits the allegations in Paragraph 21 of the Complaint.

22.    The allegations in Paragraph 22 set forth a legal conclusion to which no response is required. To the extent that a response is required, CSA denies the allegations in Paragraph 22 of the Complaint.

23.    With regard to Paragraph 23, CSA admits that it is the employer of Teresa Willins and Joi Broadnax. In all other respects, the allegations in Paragraph 23 are denied.

24.    The allegations in Paragraph 24 set forth a legal conclusion to which no response is required. Subject thereto, to the extent that a response is required, CSA denies the allegations in Paragraph 24 of the Complaint.

25.    The allegations in Paragraph 25 set forth a legal conclusion to which no response is required. Subject thereto, to the extent that a response is required, CSA denies the allegations in Paragraph 25 of the Complaint.

26.    The allegations in Paragraph 26 set forth a legal conclusion to which no response is required. To the extent that a response is required, CSA denies the allegations in Paragraph 26 of the Complaint.

27.    CSA repeats and realleges its answers to Paragraphs 1 through 26 as if fully set forth herein.

28.    CSA denies the allegations in Paragraph 28 of the Complaint.

29.    CSA denies the allegations in Paragraph 29 of the Complaint.

30.    CSA denies the allegations in Paragraph 30 of the Complaint.

31.     CSA denies the allegations in Paragraph 31 of the Complaint.

32.     With regard to Paragraph 32, CSA admits that Plaintiffs purport to bring suit as an opt-in collective action under the Fair Labor Standards Act, but denies that a collective action is proper or permissible in this case, denies that the prerequisites for a collective action are satisfied, and denies that the claims are properly subject to collective treatment.  In all other respects, the allegations in Paragraph 32 are denied.

33.     With regard to Paragraph 33, CSA denies that a collective action is proper or permissible in this case, denies that the prerequisites for a collective action are satisfied, and denies that the claims are properly subject to collective treatment.  In all other respects, the allegations in Paragraph 33 are denied.

34.     With regard to Paragraph 34, CSA admits that Plaintiffs purport to seek relief on a collective basis under the FLSA.  In all other respects, the allegations in Paragraph 34 are denied.

35.     CSA denies the allegations in Paragraph 35 of the Complaint.

36.     CSA denies the allegations in Paragraph 36 of the Complaint.

37.     CSA denies the allegations in Paragraph 37 of the Complaint, including subparts (a) through (f).

38.     CSA denies the allegations in Paragraph 38 of the Complaint.

39.     CSA denies the allegations in Paragraph 39 of the Complaint.

40.     CSA denies the allegations in Paragraph 40 of the Complaint.

41.     CSA denies the allegations in Paragraph 41 of the Complaint.

42.     CSA denies the allegations in Paragraph 42 of the Complaint.

43.     CSA denies that Plaintiffs are entitled to any of the relief requested in their

prayer, including subparts (a) through (e).

## II.
## AFFIRMATIVE DEFENSES

In further response, and without assuming any burden of proof not otherwise imposed at law, CSA avers:

44.     Plaintiffs received all pay due to them under the Fair Labor Standards Act.

45.     Plaintiffs failed to mitigate their damages, if any.

46.     Plaintiffs' claims are barred in whole or part because Plaintiffs were exempt from the overtime requirements of the Fair Labor Standards Act and, therefore, were not entitled to overtime compensation.

47.     Plaintiffs' claims are barred because Plaintiffs did not work the overtime hours alleged.

48.     Trainees are not "employees" for FLSA purposes.

49.     A collective action is not proper in this case, as the prerequisites of a collective action are not satisfied and the claims are not properly subject to class or collective treatment.

50.     CSA is not liable for time spent walking, riding or traveling to and from Plaintiffs' place of work and activities that are preliminary to or postliminary to principal activity or activities, which occur either prior to the time on any particular workday at which Plaintiffs commence, or subsequent to the time on any particular workday at which they cease, such principal activity or activities. 29 U.S.C. § 254.

51.     Any claims brought two years after the cause of action accrued are barred by the applicable statute of limitations. 29 U.S.C. § 255.

52.     Plaintiffs' claims are barred by the doctrine of laches.

53.     Plaintiffs' claims are barred by the doctrines of res judicata and collateral

estoppel.

54.     While denying any violation of the FLSA, if the Court should find that a violation occurred, CSA alternatively pleads that the act or omission complained of was undertaken in good faith in conformity with and in reliance on an administrative regulation, order, ruling, or interpretation. Thus, recovery of any damages is barred.

55.     In the alternative, if Plaintiffs were not exempt employees for any portion of their employment, to the extent that some overtime may have been worked infrequently for which Plaintiffs did not receive compensation, Defendant alternatively asserts that Plaintiffs' claims should be denied based upon the application of the de minimis rule.

56.     CSA is entitled to a set off for any payments, benefits, bonuses, advances, chargebacks, or commissions received by Plaintiffs.

57.     Plaintiffs are not entitled to an award of attorneys' fees as a matter of law.

58.     Plaintiffs are not entitled to an award of liquidated damages as a matter of law.

59.     Plaintiffs' claims are the result of a bona fide dispute.

60.     Plaintiffs' claims are barred by fraud and/or misrepresentation.

61.     Plaintiffs have failed to establish a prima facie case under the FLSA.

62.     Plaintiffs have no factual bases for their claims of hours worked.

63.     Plaintiffs' allegations are the result of illegal and/or improper motives.

64.     Plaintiffs are not entitled to prejudgment interest if liquidated damages are awarded.

## IV.
## PRAYER

WHEREFORE, CSA requests that Plaintiffs' claims be dismissed, that CSA be awarded its attorneys' fees and costs herein, and that CSA be awarded all other and further relief to which

it may be justly entitled at law or in equity.

Respectfully submitted,


/s/ Jeffrey Goldfarb
Jeffrey Goldfarb
Texas Bar No. 00793820
David A. Alexander
Texas Bar No. 24045388
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

**ATTORNEYS FOR DEFENDANT CSA – CREDIT SOLUTIONS OF AMERICA, INC.**


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties of record via the Court's electronic case filing (ECF) system on this 13th day of July, 2009.


/s/ Jeffrey Goldfarb
Jeffrey Goldfarb