IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERESA WILLINS and JOI BROADNAX, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CSA - CREDIT SOLUTIONS OF AMERICA, INC.<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ CAUSE NO. 3:09-CV-01025-M<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant CSA - Credit Solutions of America, Inc. ("CSA" or "Defendant"), files this its First Amended Answer, Affirmative Defenses, and Counterclaims in response to the Complaint filed by Teresa Willins and Joi Broadnax (collectively, "Plaintiffs"), pursuant to Fed. R. Civ. P. 15(a), as it is filed within 20 days after CSA's Original Answer was served, and states as follows:

### I.
### ANSWER SUBJECT TO AFFIRMATIVE DEFENSES

1. With regard to Paragraph 1, CSA admits that Plaintiffs purport to bring suit under the Fair Labor Standards Act, but denies that a collective action is proper. In all other respects, the allegations in Paragraph 1 are denied.

2. With regard to Paragraph 2, CSA admits that it has employed debt consultants in Dallas County, Texas. In all other respects, the allegations in Paragraph 2 are denied.

3. With regard to Paragraph 3, CSA admits that it has maintained offices in Dallas County, Texas. In all other respects, the allegations in Paragraph 3 are denied.

4. CSA denies the allegations in Paragraph 4 of the Complaint.

5. CSA denies the allegations in Paragraph 5 of the Complaint.

6. CSA denies the allegations in Paragraph 6 of the Complaint.

7. CSA denies the allegations in Paragraph 7 of the Complaint.

8. CSA denies the allegations in Paragraph 8 of the Complaint.

9. CSA denies the allegations in Paragraph 9 of the Complaint

10. CSA admits that it has changed its compensation plan, but otherwise denies the allegations of Paragraph 10 of the Complaint.

11. With regard to Paragraph 11, CSA admits that this Court has jurisdiction over claims of the type alleged in Plaintiffs' Complaint, but denies any violation of law. In all other respects, the allegations in Paragraph 11 are denied.

12. CSA admits the allegations in Paragraph 12 of the Complaint.

13. With regard to Paragraph 13, CSA admits that Teresa Willins worked for CSA. CSA is currently without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 13 of the Complaint and therefore denies such allegations.

14. The allegations in Paragraph 14 set forth a legal conclusion to which no response is required. To the extent that a response is required, CSA denies the allegations in Paragraph 14 of the Complaint.

15. CSA admits the allegations in Paragraph 15 of the Complaint.

16. CSA denies the allegations in Paragraph 16 of the Complaint.

17. CSA admits that Joi Broadnax works for CSA. CSA is currently without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 17 of the Complaint and therefore denies such allegations.

18. The allegations in Paragraph 18 set forth a legal conclusion to which no response is required. To the extent that a response is required, CSA denies the allegations in Paragraph 18 of the Complaint.

19. CSA admits the allegations in Paragraph 19 of the Complaint.

20. CSA denies the allegations in Paragraph 20 of the Complaint.

21. CSA admits the allegations in Paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 set forth a legal conclusion to which no response is required. To the extent that a response is required, CSA denies the allegations in Paragraph 22 of the Complaint.

23. With regard to Paragraph 23, CSA admits that it employed Teresa Willins and Joi Broadnax. In all other respects, the allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 set forth a legal conclusion to which no response is required. Subject thereto, to the extent that a response is required, CSA denies the allegations in Paragraph 24 of the Complaint.

25. The allegations in Paragraph 25 set forth a legal conclusion to which no response is required. Subject thereto, to the extent that a response is required, CSA denies the allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 set forth a legal conclusion to which no response is required. To the extent that a response is required, CSA denies the allegations in Paragraph 26 of the Complaint.

27. CSA admits the allegations in Paragraph 27 of the Complaint.

28. The allegations in Paragraph 28 set forth a legal conclusion to which no response is required. Subject thereto, to the extent that a response is required, CSA denies the allegations

in Paragraph 28 of the Complaint.

29. The allegations in Paragraph 29 set forth a legal conclusion to which no response is required. Subject thereto, to the extent that a response is required, CSA denies the allegations in Paragraph 29 of the Complaint.

30. The allegations in Paragraph 30 set forth a legal conclusion to which no response is required. Subject thereto, to the extent that a response is required, CSA denies the allegations in Paragraph 30 of the Complaint.

31. CSA repeats and realleges its answers to Paragraphs 1 through 30 as if fully set forth herein.

32. CSA denies the allegations in Paragraph 32 of the Complaint.

33. CSA denies the allegations in Paragraph 33 of the Complaint.

34. CSA denies the allegations in Paragraph 34 of the Complaint.

35. CSA denies the allegations in Paragraph 35 of the Complaint.

36. With regard to Paragraph 36, CSA admits that Plaintiffs purport to bring suit as an opt-in collective action under the Fair Labor Standards Act, but denies that a collective action is proper or permissible in this case, denies that the prerequisites for a collective action are satisfied, and denies that the claims are properly subject to collective treatment. In all other respects, the allegations in Paragraph 36 are denied.

37. With regard to Paragraph 37, CSA denies that a collective action is proper or permissible in this case, denies that the prerequisites for a collective action are satisfied, and denies that the claims are properly subject to collective treatment. In all other respects, the allegations in Paragraph 37 are denied.

38. With regard to Paragraph 38, CSA admits that Plaintiffs purport to seek relief on

a collective basis under the FLSA.  In all other respects, the allegations in Paragraph 38 are denied.

39. CSA denies the allegations in Paragraph 39 of the Complaint.

40. CSA denies the allegations in Paragraph 40 of the Complaint.

41. CSA denies the allegations in Paragraph 41 of the Complaint, including subparts (a) through (f).

42. CSA denies the allegations in Paragraph 42 of the Complaint.

43. CSA denies the allegations in Paragraph 43 of the Complaint.

44. CSA denies the allegations in Paragraph 44 of the Complaint.

45. CSA denies the allegations in Paragraph 45 of the Complaint.

46. CSA denies the allegations in Paragraph 46 of the Complaint.

47. CSA denies that Plaintiffs are entitled to any of the relief requested in their prayer, including subparts (a) through (e).

## II.
## AFFIRMATIVE DEFENSES

In further response, and without assuming any burden of proof not otherwise imposed at law, CSA avers:

48. Plaintiffs and all others allegedly similarly situated to them received all pay due to them under the Fair Labor Standards Act.

49. Plaintiffs failed to mitigate their damages, if any.

50. Plaintiffs and all others allegedly similarly situated to them were at all relevant times exempt from the overtime requirements of Federal and state law because they were employed in a *bona fide* executive, administrative or professional capacity.  29 U.S.C. § 213(a)(1);

51. Plaintiffs and all others allegedly similarly situated to them were at all relevant times excluded from the overtime requirements of Federal and state law under 29 U.S.C. § 207(i);

52. Plaintiffs' claims are barred because Plaintiffs did not work the overtime hours alleged.

53. Trainees are not "employees" for FLSA purposes.

54. A collective action is not proper in this case, as the prerequisites of a collective action are not satisfied and the claims are not properly subject to class or collective treatment.

55. CSA is not liable for time spent walking, riding or traveling to and from Plaintiffs' place of work and activities that are preliminary to or postliminary to principal activity or activities, which occur either prior to the time on any particular workday at which Plaintiffs commence, or subsequent to the time on any particular workday at which they cease, such principal activity or activities. 29 U.S.C. § 254.

56. Any claims brought two years after the cause of action accrued are barred by the applicable statute of limitations. 29 U.S.C. § 255.

57. Plaintiffs' claims are barred by the doctrine of laches.

58. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

59. While denying any violation of the FLSA, if the Court should find that a violation occurred, CSA alternatively pleads that the act or omission complained of was undertaken in good faith in conformity with and in reliance on an administrative regulation, order, ruling, or interpretation. Thus, recovery of any damages is barred.

60. In the alternative, if Plaintiffs were not exempt employees for any portion of their

employment, to the extent that some overtime may have been worked infrequently for which Plaintiffs did not receive compensation, CSA alternatively asserts that Plaintiffs' claims should be denied based upon the application of the *de minimis* rule.

61.  CSA is entitled to a set-off for any payments, benefits, bonuses, advances, or commissions received by Plaintiffs.

62.  CSA is entitled to a set-off for all debts owed by Plaintiffs to CSA, including but not limited to debts arising from advances on commissions or overpayments of wages.

63.  Plaintiffs' claims are barred by the doctrines of counterclaim, setoff and recoupment.

64.  Plaintiffs are not entitled to an award of attorneys' fees as a matter of law.

65.  Plaintiffs are not entitled to an award of liquidated damages because CSA acted in good faith and with a reasonable belief that its conduct was permitted by law.

66.  Plaintiffs' claims are the result of a *bona fide* dispute.

67.  Plaintiffs' claims are barred by fraud and/or misrepresentation.

68.  Plaintiffs have failed to establish a *prima facie* case under the FLSA.

69.  Plaintiffs have no factual bases for their claims of hours worked.

70.  Plaintiffs' allegations are the result of illegal and/or improper motives.

71.  Plaintiffs are not entitled to prejudgment interest if liquidated damages are awarded.

### III.
### ORIGINAL COUNTERCLAIMS

Defendant CSA - Credit Solutions of America, Inc. ("CSA" or "Defendant"), for its counterclaims against Angie Abeyta, O'Linda Bates, Tina Bentley, William R. Chalko, Rachel Cole, Joshua Davidson, Darnell L. Dupree, Brian C. Dyson, Denise Evans, Bethany Gross,

Byron Hardy, Troy D. Horton, Michael A. Jackson, Deitrich Jells, Ann-Marie Johnson, Sundra M. Law, Reginald McPhaul, John Nettles, David Newhouse, Heidi Perritano, Johnathan Pierce, David A. Rogers, LaKenya A. Rose, Robert L. Russell, Terry J. Sennette, Boyd Scypion, Willie Smith, Cody Trobaugh, Brandon Turner, Sammy C. Turner, Jr., Sara Williams, Brian K. Wilson, Patrick Wolfe, Terica Yarbrough, Janelle M. Barnes, Veronica Chmielewski, Ericka Criner, Marcus Dwayne Haskin, Lakeisha Oatman, Delmer Plummer, Iman S. Rashada, Craig Smith, Gwendolyn Felicia Ward, Eric Browning, Tyrone Cogshell, Frank Patrick, Brian Terry, Gina-Nacole Craig, Robert S. Douglas, Roberto Ettorre, Leonard E. Dixon, Cretelia Harris, Davienne Neptune, and Clarence L. Wilridge (collectively, with such other present and former CSA employees who may opt-in to this action in the future, the "Counterclaim Defendants"), states as follows:

## THE PARTIES

72. Angie Abeyta, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

73. O'Linda Bates, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

74. Tina Bentley, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

75. William R. Chalko, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

76. Rachel Cole, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

77. Joshua Davidson, an individual, is a resident of the State of Texas who may be

served through his counsel of record in this action.

78. Darnell L. Dupree, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

79. Brian C. Dyson, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

80. Denise Evans, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

81. Bethany Gross, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

82. Byron Hardy, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

83. Troy D. Horton, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

84. Michael A. Jackson, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

85. Dietrich Jells, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

86. Ann-Marie Johnson, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

87. Sundra M. Law, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

88. Reginald McPhaul, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

89. John Nettles, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

90. David Newhouse, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

91. Heidi Perritano, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

92. Johnathan Pierce, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

93. David A. Rogers, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

94. LaKenya A. Rose, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

95. Robert L. Russell, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

96. Terry J. Sennette, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

97. Boyd Scypion, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

98. Willie Smith, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

99. Cody Trobaugh, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

100. Brandon Turner, an individual, is a resident of the State of Texas who may be

served through his counsel of record in this action.

101. Sammy C. Turner, Jr., an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

102. Sara Williams, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

103. Brian K. Wilson, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

104. Patrick Wolfe, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

105. Terica Yarbrough, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

106. Janelle M. Barnes, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

107. Veronica Chmielewski, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

108. Ericka Criner, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

109. Marcus Dwayne Haskin, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

110. Lakeisha Oatman, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

111. Delmer Plummer, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

112. Iman S. Rashada, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

113. Craig Smith, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

114. Gwendolyn Felicia Ward, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

115. Eric Browning, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

116. Tyrone Cogshell, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

117. Frank Patrick, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

118. Brian Terry, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

119. Gina-Nacole Craig, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

120. Robert S. Douglas, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

121. Roberto Ettorre, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

122. Leonard E. Dixon, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

123. Cretelia Harris, an individual, is a resident of the State of Texas who may be

served through her counsel of record in this action.

124.   Davienne Neptune, an individual, is a resident of the State of Texas who may be served through her counsel of record in this action.

125.   Clarence L. Wilridge, an individual, is a resident of the State of Texas who may be served through his counsel of record in this action.

126.   Upon notice that additional present and former CSA employees intend to opt-in to this action, CSA will timely identify additional Counterclaim Defendants, if any, who are liable for the acts alleged below.

## FACTUAL BACKGROUND

127.   CSA is engaged in the business of consumer debt reduction and debt settlement.

128.   The Counterclaim Defendants are current and former employees of CSA. The Counterclaim Defendants are or were employed by CSA as "Debt Consultants."

129.   The terms of the Counterclaim Defendants' compensation are governed by written contracts of employment, an Employee Handbook, and other policies regarding the payment of wages and commissions by CSA.

130.   The Counterclaim Defendants are indebted to CSA for overpayments of wages and commissions made to them in connection with their employment.

131.   The Counterclaim Defendants received commissions for selling CSA's debt reduction and debt settlement services to consumers. CSA advanced commission payments to the Counterclaim Defendants.

132.   Not all commissions were earned by the Counterclaim Defendants, however, unless and until CSA fully earned fees from the customer.

133.   The Counterclaim Defendants expressly agreed that Credit Solutions shall have

the right to adjust my future or past commission checks due to any client cancellations.

134. The Counterclaim Defendants failed to repay CSA for advances on commissions that were not in fact earned.

## CLAIMS FOR RELIEF

### Count One: Breach of Contract
### (against all Counterclaim Defendants)

135. CSA repeats and realleges the allegations made in Paragraphs 1 through 134 as if set forth fully herein.

136. CSA has complied with all of its duties and obligations under the agreements of the parties. All conditions precedent to CSA's recovery have occurred, have been met, or are otherwise satisfied.

137. The Counterclaim Defendants are presently indebted to CSA for advances on commissions that were not in fact earned. The Counterclaim Defendants have a contractual obligation to repay the advances on commissions to CSA.

138. The Counterclaim Defendants have not complied with their contractual obligations and agreements.

139. CSA is entitled to recover damages for the Counterclaim Defendants' breach of contract.

### Count Two: Unjust Enrichment and Money Had and Received
### (against all Counterclaim Defendants)

140. CSA repeats and realleges the allegations made in Paragraphs 1 through 139 as if set forth fully herein.

141. The Counterclaim Defendants received and continue to hold money representing advances on commissions that were not in fact earned. The Counterclaim Defendants have been

unjustly enriched by their receipt of this money.

142. The money belongs to CSA in equity and good conscience.

143. CSA is entitled to recover damages for the Counterclaim Defendants' inequitable conduct.

### Count Three: Setoff and Recoupment
### (against all Counterclaim Defendants)

144. CSA repeats and realleges the allegations made in Paragraphs 1 through 143 as if set forth fully herein.

145. The advances on commissions that CSA paid to the Counterclaim Defendants represent overpayments. The money belongs to CSA under the agreements of the parties, and as a matter of equity and good conscience.

146. While denying any violation of the FLSA occurred, if CSA is adjudged to be liable to the Counterclaim Defendants for damages in this action, CSA and the Counterclaim Defendants will be mutually indebted to one another.

147. CSA is entitled to apply the amounts of the Counterclaim Defendants' debts to CSA against any damages that CSA is adjudged to owe the Counterclaim Defendants in this action.

### Count Four: Attorneys' Fees and Costs
### (against all Counterclaim Defendants)

148. CSA repeats and realleges the allegations made in Paragraphs 1 through 147 as if set forth fully herein.

149. As a result of the Counterclaim Defendants' wrongful actions described above, CSA has retained counsel to prosecute these claims. Pursuant to the agreements of the parties and TEX. CIV. PRAC. & REM. CODE § 38.001(8), CSA is entitled to recover reasonable and

necessary attorneys' fees and costs incurred in the prosecution of this action.

# IV.
# PRAYER

WHEREFORE, CSA requests that Plaintiffs' claims be dismissed, and that CSA be awarded judgment against the Counterclaim Defendants in its favor, for the following:

1. Actual and consequential damages;

2. Prejudgment and post-judgment interest;

3. Attorney's fees and costs; and

4. Such other and further relief to which CSA may show itself to be justly entitled.

Respectfully submitted,

/s/ Jeffrey Goldfarb
Jeffrey Goldfarb
Texas Bar No. 00793820
David A. Alexander
Texas Bar No. 24045388
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

**ATTORNEYS FOR DEFENDANT CSA – CREDIT SOLUTIONS OF AMERICA, INC.**

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties of record via the Court's electronic case filing (ECF) system on this 3rd day of August, 2009.

      /s/ Jeffrey Goldfarb_____
      Jeffrey Goldfarb