IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERESA WILLINS and JOI BROADNAX, On Behalf of Themselves and All Others Similarly Situated, § § § § Plaintiffs § v. § CREDIT SOLUTIONS OF AMERICA, INC. and DOUG VAN ARSDALE § § § § Defendants § | CIVIL ACTION NO. 3:09-cv-1025-M |

## MOTION TO DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES FOR FAILURE TO STATE A CLAIM

Defendant Credit Solutions of America, Inc. ("CSA") failed to plead sufficient facts to support any of its affirmative defenses. Instead, CSA provides only conclusory statements or single sentence invocations of legal theories based on wholly unstated facts as support for its defenses. Because such pleading does not meet the standard set by the Supreme Court, Plaintiffs Willins and Broadnax, on behalf of themselves and on behalf of all others similarly situated, move for dismissal under Federal Rule of Civil Procedure 12(b)(6).

### I.    FACTUAL BACKGROUND

CSA is a for profit financial service company selling debt settlement packages to individuals seeking debt settlement assistance. (First Amended Complaint at ¶ 4, Doc. 5). It employed Plaintiffs and those who have opted into this collective action (collectively "Plaintiffs") as debt consultants. (*Id.* at ¶ 1). As debt consultants, Plaintiffs engaged in inside sales of CSA's products. (*Id.* at ¶ 5).

Defendant failed to pay its debt consultants for hours worked over 40 in a workweek. (*Id.* at ¶ 9). As a result, CSA owes Plaintiffs time and one half their regular rates of pay for hours

worked over 40 in a workweek. In its First Amended Answer, CSA identifies some affirmative defenses, but offers no factual allegations to support them. (*Id*. at ¶¶ 48-71). Given the absence of sufficient facts to make these defenses plausible, the Court should dismiss them pursuant to Rule 12(b)(6).

## II.   LEGAL STANDARD

An affirmative defense that does not meet the requirements of Rule 8 is subject to dismissal for "failure to state a claim upon which relief may be granted." *See* FRCP 12(b)(6); ("An affirmative defense is subject to the same pleading requirements as is the complaint."). In determining whether a pleading is sufficient, "all facts pleaded … must be taken as true." *Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000). However, "the tenet that a court must accept as true all of the allegations contained in a [pleading] is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Thus, it is the *factual* allegations that matter; mere labels and conclusions, or a formulaic recitation of the elements, are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An affirmative defense "must be dismissed for failure to state a claim if the [defendant] fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Crumbley v. Gannon*, 2008 WL 2894828, at *2 (S.D. Tex. July 22, 2008) (*quoting Twombly*, 550 U.S. at 570). CSA's affirmative defenses should be dismissed for failure to state a claim for relief.

## III.   ARGUMENT

CSA's affirmative defenses are at Paragraphs 48 to 71 of its First Amended Answer. Defendant's failure to plead <u>any</u> non-conclusory facts (or any facts at all in most cases) supporting its claims and its use of legal conclusions and statutory language requires Plaintiff to challenge all of CSA's affirmative defenses. They are the kind of fact-less, boilerplate defenses

that are no longer valid after *Twombly* and *Iqbal*. While Plaintiffs challenge all of the defenses and ask that they be dismissed for failing to state claims as they must, Plaintiffs will highlight some of the more glaring examples for the Court.

A.   **Defendant's Claims of Exemption Lack Any Facts Whatsoever**

The central issue in this case will be Defendant's claim that Plaintiffs were somehow exempt from the overtime requirements of the FLSA. Yet, <u>Defendant does not plead a single fact</u> in support of its exemption claims. In Paragraphs 50 and 51, Defendant merely recites the existence of two statutory provisions under the FLSA allowing for an exemption to the overtime statute:

> 50.   Plaintiffs and all others allegedly similarly situated to them were at all relevant times exempt from the overtime requirements of Federal and state law because they were employed in a *bona fide* executive, administrative or professional capacity. 29 U.S.C. § 213(a)(1);
>
> 51.   Plaintiffs and all others allegedly similarly situated to them were at all relevant times excluded from the overtime requirements of Federal and state law under 29 U.S.C. § 207(i);

(First Amended Answer, ¶¶ 50-51).

Not only are there no facts alleged in these all-important affirmative defenses, but Defendant does not even bother to set forth the elements of either of these exemption claims. For example, to be exempt under the executive exemption, an individual must, at a minimum, (1) be paid on a salary basis, (2) have management as the primary duty, (3) regularly direct two or more full time employees, and (4) have the authority to hire and fire. *See* 29 C.F.R. § 541.100. While a listing of the minimum elements is still insufficient to state a claim, it would be closer to meeting the pleadings standards than CSA's current pleading. Moreover, Defendant does not even attempt to specify which of the Section 213(a) exemptions it is invoking. Such vagueness can hardly be the bedrock of Defendant's central defense. As to its invocation of the Section 7(i)

exemption, Defendant does nothing more than to cite the existence of the statute. Simple restatement of statutory language from the FLSA (or mere citation to the statute itself) hardly meets the pleading requirements under the current state of the law. Given the absence of any facts whatsoever, the Court should dismiss these affirmative defenses.

**B.      Trainees and Res Judicata / Collateral Estoppel**

Defendant affirmatively asserts "Trainees are not "employees" for FLSA purposes" and "Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel." (First Amended Answer, ¶¶ 53 and 58). Defendant presents no facts to support that Plaintiffs were trainees and fails to identify any prior proceeding or act that would justify the invocation of res judicata / collateral estoppel. These defenses must be dismissed.

**C.      CSA's Bald Assertion of "Laches" is Insufficient.**

Simply naming "broad affirmative defenses" does not satisfy the requirements of Rule 8. *Woodfield*, 193 F.3d at 362. "This method of pleading defenses is unacceptable and indeed was unacceptable well before *Iqbal* and *Twombly*." *In re Mission Bay Ski & Bike, Inc.*, 2009 WL 2913438, at *6 (Bkrtcy.N.D.Ill. Sept. 9, 2009). Nevertheless, CSA broadly asserts its affirmative defense of laches with no factual basis. (First Amended Answer at ¶ 57).

The absence of facts is particularly telling since the defense of laches is generally inapplicable to FLSA claims. *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *3 (S.D.Fla. July 31, 2009) (noting the "doctrines of waiver, estoppel, laches, and accord and satisfaction, however, are generally not applicable to FLSA claims" and striking those defenses). Without any factual assertions suggesting how or why Plaintiffs' FLSA claims are nonetheless barred, CSA's laches defense fails to state a "plausible claim for relief." Therefore, the Court should dismiss this affirmative defense.

**D.    CSA Fails to State Any, Let Alone Particularized, Facts Supporting its "Fraud" Defense.**

A party alleging fraud "must state with particularity the circumstances constituting fraud[.]" FRCP 9(b). The Fifth Circuit interprets this requirement "strictly." *Southwestern Bell Telephone Co. v. Fitch*, -- F.Supp.2d ---, 2009 WL 2423982, at *4 (S.D.Tex. Aug. 5, 2009) (Atlas, J.). "Put simply, Rule 9(b) requires the 'who, what, when, where, and how' to be laid out." *Benchmark Elecs. Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003). Despite claiming fraud, CSA addresses none of these questions. (First Amended Answer, ¶ 67).

Instead, CSA states only a conclusion: "Plaintiff's claims are barred by fraud and/or misrepresentation." *Id.*. Even in the absence of the Rule 9(b) particularity requirement, this sort of "conclusory statement" is insufficient. *Iqbal*, 129 S. Ct. at 1949 (2009) *quoting Twombly,* 550 U.S. at 555. Because its "fraud" defense is unsupported by any facts (let alone particularized ones), CSA's affirmative defense of fraud and/or misrepresentation should be dismissed.

**E.    CSA's "Good Faith" Affirmative Defenses Do Not Allege a Defense.**

CSA's affirmative defenses contain two standard, rote recitals of the two good faith defenses included in the FLSA. In Paragraph 65, CSA affirmatively asserts "CSA acted in good faith and with a reasonable belief that its conduct was permitted by law." (First Amended Answer, ¶ 65) However, this is simply a recitation of the elements of a "good faith" defense under the FLSA. 29 U.S.C. § 260 (employer may avoid liquidate damages by showing it acted "in good faith and [with] reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA); *Singer v. City of Waco, Texas,* 324 F.3d 813, 823 (5th Cir. 2003). Such "[t]hreadbare recitals of the elements of [an affirmative defense], supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 *quoting Twombly,* 550 U.S. at 555.

Defendant does not, for example, identify any efforts it undertook to ascertain the FLSA's requirements. *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 468 (5th Cir.1979) (good faith requires an investigation into the FLSA's requirements). Nor does CSA suggest how it interpreted the FLSA or why its interpretation is reasonable. *Singer*, 324 F.3d at 823.

Defendant's "good faith in conformity" defense in Paragraph 59 has the same fatal omission – a complete lack of any facts whatsoever. In Paragraph 59, CSA invokes the defense included in 29 U.S.C. § 259 by claiming its actions were "undertaken in good faith in conformity with and in reliance on an administrative regulation, order, ruling, or interpretation. Thus, recovery of any damages is barred." (First Amended Answer, ¶ 59). The DOL regulations provide this good faith defense is not available to an employer who "erroneously believes he conformed with [an administrative interpretation] and in good faith relied on it; **actual** conformity is necessary. 29 C.F.R. § 790.14 (emphasis added). Here, CSA fails to identify any particular regulation, order, ruling, or interpretation it claims to have complied with and fails to explain how it complied. Instead, CSA simply quotes the statutory language creating the exemption, which is insufficient to state a claim.

In sum, Defendant's conclusory assertion of either "good faith" defense is insufficient to make these claims plausible. *Iqbal*, 129 S. Ct. at 1949 (2009) (*quoting Twombly,* 550 U.S. at 555). The Court should dismiss these two affirmative defenses.

**F.     CSA's Claims of Set-Off, Counterclaim, and Recoupment Must be Dismissed.**

In Paragraphs 61 to 63, CSA affirmatively asserts set-offs for "any payments" made to Plaintiffs, "set-off for all debts owed" to Defendants, and barring of Plaintiffs' claims due to "counterclaim, setoff, and recoupment." (First Amended Answer, ¶¶ 61-63). Defendant again fails to plead any specific facts that would allow the use of these affirmative defenses. There are

no specified "payment" or "debts" identified, and there are no facts supporting "counterclaim, setoff, and recoupment."

To the extent CSA is attempting to bootstrap its improperly asserted counterclaim to the affirmative defense category, Plaintiffs have addressed this issue in their Motion to Strike Defendant's Counterclaims or in the Alternative, Motion to Dismiss for Failure to State a Claim (filed on the same day as this Motion) and Plaintiff incorporates its arguments and authorities set forth therein into this Motion.

Additionally, the FLSA is strict in limiting what kinds of payments are creditable against overtime compensation due to an employee. Section 207(h) of the FLSA governs compensation creditable toward minimum wage and overtime compensation. 29 U.S.C. § 207(h)(1). Only the "[e]xtra compensation paid as described in [§ 207(e)(5)-(e)(7) ] shall be creditable ...." against overtime wages due. 29 U.S.C. § 207(h)(2). CSA has not identified any particular payment it made or debt it is owed, much less met the strictures of Section 207(h). As a result, CSA's affirmative defenses in Paragraphs 61 to 63 should be dismissed.

## IV.   CONCLUSION

CSA's affirmative defenses are devoid of any facts that would allow it to state a claim upon which relief can be granted. Such silly statements as "Plaintiff's allegations are the result of illegal and/or improper motives" are vague, fact-less, and conclusory (if they are even affirmative defenses). The recent use of *Twombly* and *Iqbal* to require those asserting claims for relief to be more specific than in prior times applies with equal force to affirmative defenses. If Plaintiffs' Complaint simply said "Defendants violated the FLSA. *See* 29 U.S.C. § 201 *et seq.*", the Court would immediately dismiss the Complaint or require re-pleading. And yet, in its affirmative defenses, this is precisely what CSA has done. The Court should dismiss CSA's

boilerplate affirmative defenses or, at a minimum, require CSA to state facts, under the standards set forth in Federal Rule of Civil Procedure 11, that it can represent to the Court support a claim for relief. If it cannot do so, CSA should withdraw its affirmative defenses.

Respectfully submitted,

/s/ J. Derek Braziel
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400  Telephone
(214) 749-1010  Facsimile

**BRYAN D. POPE**
State Bar No. 00788213
**THE COCHRAN FIRM, PLLC**
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas  75219
(214) 651-4260 Telephone
(214) 651-4261 Facsimile
bpope@cochranfirm.com
**LEAD ATTORNEY**

**ROBERT J. CAMP**
State Bar No. ASB-1864-076C
**THE COCHRAN FIRM, PC**
505 20th Street North, Suite 825
Birmingham, AL  35203
(205) 244-1115 Telephone
(205) 244-1171 Facsimile
rcamp@cochranfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 22nd day of October, 2009 a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

                                                  /s/ J. Derek Braziel
                                                  **J. DEREK BRAZIEL**