IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WILLINS and JOI BROADNAX, On Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-cv-1025-M |
| CREDIT SOLUTIONS OF AMERICA, INC. and DOUG VAN ARSDALE | § § § § | |
| Defendants | § | |

### PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### MOTION TO STRIKE COUNTERCLAIMS

By way of this lawsuit, two of Defendants' former employees, on their own behalves and on behalf of others who are similarly situated, seek recovery of unpaid overtime wages pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*. ("FLSA"). In response, Defendant Credit Solutions of America, Inc. ("CSA") filed its answer to Plaintiffs First Amended Complaint and asserted counterclaims against the two named Plaintiffs, all individuals who had consented to participate in the collective action, and certain individuals who might eventually join or participate in the collective action. (First Amended Answer, ¶¶ 72-126, Doc. No. 16). Specifically, CSA alleges claims for breach of contract, unjust enrichment, setoff and recoupment, and attorneys' fees and costs associated with the alleged overpayment of commissions. (*Id.*, ¶¶ 135-147). However, as this very Court has recognized and previously ruled, counterclaims are not allowed in FLSA overtime cases, and Defendant's improper counterclaims must be stricken.

PLAINTIFFS' MOTION TO STRIKE COUNTERCLAIMS AND ALTERNATIVE MOTION TO DISMISS          1

Counterclaims like those asserted by CSA are not permitted in FLSA cases. The Fifth Circuit explained the rationale for forbidding counterclaims in FLSA cases:

> The FLSA decrees a minimum unconditional payment and the commands of [the FLSA] are not to be vitiated by an employer. . . . [The court's] sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. The *only* economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the "cash in hand" contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . .

*Brennan v. Heard*, 491 F. 2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) (emphasis added). The Tenth Circuit has stated an FLSA claim is enforcement of a public right. Permitting private counterclaims, "real or imagined, . . . would delay and even subvert" the goals of the FLSA by furthering delaying the payment of lawfully owed wages. *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983). Thus, such counterclaims are simply not permitted in FLSA cases. *See Marshall v. Wallace Oil Co., Inc.,* 1980 WL 2101, at *2; 24 Wage & Hour Cas. 1059 (N.D. Ga. 1980) (striking employer's counterclaim for amounts employees borrowed from their employer). *American Jurisprudence* summarizes this area of law, stating "an employer may not counterclaim for overpayments or other sums owed by employees where suit . . . [concerns] FLSA violations, including the violation of the minimum wage and overtime compensation provisions." 48A Am. Jur. 2d *Labor and Labor Relations* § 4588 (2004).

Asserting counterclaims to deter plaintiffs who seek to recover modest amounts of unpaid wages seems to be a common tactic for defendants. In *Lewis v. Powr Guardian, Inc.*, this Court considered a counterclaim based on the alleged overpayment of <u>overtime wages</u> by a defendant.

(Exh. A, Order in *Lewis v. Powr Guardian, Inc.,* CA No. 3:04-CV-1743-M, (N.D. Tex. Dec. 27, 2004), Docket No. 17).  The Court held that even a claim for overpayment of the type of wages at issue in an FLSA action (overtime wages) was not permissible in a suit seeking unpaid overtime.  In the present matter, CSA seems to contend it overpaid <u>commissions</u> to Plaintiffs because CSA did not recover the full amount of chargebacks[1] from Plaintiffs' wages while they were employed by CSA.  CSA's counterclaim for overpaid commissions is at least one step removed from the overpaid overtime wages counterclaim this Court struck in *Powr Guardian*.  Plaintiff urges the Court to follow its prior precedent, as well as the example set by Judges, Werlein (through Magistrate Stacey), Hittner, and Hoyt in the Southern District of Texas, and strike Defendant's counterclaims in this case.  (*See* opinions and orders attached hereto as Exhibit B-D).

CSA seeks to clutter these proceedings with various imagined claims.  However, the law prohibits such a result.  *Brennan v. Heard*, 491 F. 2d at 4;  *see also, Marshall v. Wallace*, 1980 WL 2101, at *2.   Accordingly, Defendant's counterclaims should be stricken.

## ALTERNATIVE MOTION TO DISMISS

In the event the Court does not strike CSA's counterclaims, the Court should dismiss the counterclaims pursuant to FED. R. CIV. P. 12(b)(6).  CSA fails to plead sufficient facts to support its counterclaims.  Instead, CSA provides only conclusory statements as support for its counterclaims against Plaintiffs and those identified in the First Amended Answer.  Because CSA's pleading does not meet the standard set by the Supreme Court, Plaintiffs Willins and

---

[1] CSA appears to argue that it pays commissions to its debt consultants before it has collected all of its fees from clients.  If a client cancels his/her agreement with CSA before the full fee is paid, CSA asserts it has the right to subtract a "chargeback" from the individual's current commission check.  Although lacking specific factual support, CSA further seems to allege that it has the right to recover any accumulated but unrecovered chargeback balance that may exist at the time an employee leaves CSA (or that may continue to accumulate even after the employee leaves the company).  Although CSA has not sought recovery of these accumulated chargebacks against the former employees participating in this case, it seeks to do so now in a clear demonstration of retaliation.

**PLAINTIFFS' MOTION TO STRIKE COUNTERCLAIMS AND ALTERNATIVE MOTION TO DISMISS**     **3**

Broadnax, on behalf of themselves and all others similarly situated, move for dismissal of CSA's counterclaims.

## I.    FACTUAL BACKGROUND

CSA is a financial service company primarily marketing and selling debt settlement packages to the public. (First Amended Complaint at ¶ 4, Doc. 5). It employed Plaintiffs, and those similarly situated, ("Plaintiffs" or "Class Members") as debt consultants. (*Id.* at ¶ 1). As debt consultants, Plaintiffs were responsible for selling Defendant's debt settlement packages to a limited segment of the general public.

CSA failed to pay its debt consultants for hours worked over 40 in a workweek. (*Id.* at ¶ 9). As a result, Defendant owes Plaintiffs and Class Members time and one half their regular rates of pay for hours worked over 40 in a workweek. In its First Amended Answer, CSA included counterclaims against Plaintiffs and Class Members, but offers no factual allegations to support them. (First Amended Answer at ¶¶ 127 – 149, Doc. No. 16). Given the absence of sufficient facts to make these claims plausible, the Court should dismiss them pursuant to Rule 12(b)(6).

## II.    LEGAL STANDARD

A claim that does not meet the requirements of Rule 8 is subject to dismissal for "failure to state a claim upon which relief may be granted." *See* FED. R. CIV. P. 12(b)(6). In determining whether a pleading is sufficient, "all facts pleaded … must be taken as true." *Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000). However, "the tenet that a court must accept as true all of the allegations contained in a [pleading] is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Thus, it is the *factual* allegations that matter; mere labels and conclusions, or a formulaic recitation of the elements, are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An affirmative defense "must be dismissed for failure to state a claim if the [defendant] fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Crumbley v. Gannon*, 2008 WL 2894828, at *2 (S.D. Tex. July 22, 2008) (*quoting Twombly*, 550 U.S. at 570). CSA's counterclaims should be dismissed for failure to state a claim for relief.

### III.   ARGUMENT

**A.   CSA Does Not State a Valid Claim for Breach of Contract, Particularly Against Former Employees.**

The elements for a breach of contract claim in the state of Texas are (1) a valid contract exists (2) performance or tendered performance of the contract; (3) breach of the contract, and (4) damages sustained. *Eckland Consultants, Inc. v. Ryder, Stilwell Inc.*, 176 S.W.3d 80, 86 (Tex. App.—Houston [1st Dist.] 2004, no pet.). CSA fails to plead its counterclaim for breach of contract with sufficient particularity. Defendant wholly failed to plead any facts which establish that the Parties had entered into a valid contract, thereby making it impossible for the Court to grant relief on Defendant's counterclaim.

CSA will likely argue that Paragraph 129 of its First Amended Answer is sufficient to establish the first element of a breach of contract claim, however the closest that particular paragraph comes to establishing the existence of a valid contract is a very vague reference to heretofore undefined "contracts of employment". (First Amended Answer at ¶ 129, Doc. No. 16). Nowhere does Defendant articulate facts which would give rise to valid contract, nor is there any reference to the terms of the "contract".

Defendant might also claim that Paragraph 133 of its First Amended Answer is sufficient to establish the existence of a valid contract. Paragraph 133 states that Plaintiffs "expressly

agreed that CSA shall have the right to adjust [] future or past commission checks…". (*Id.* at ¶ 133). The paragraph is a conclusory assertion, and the Court should not accept it as a properly pled fact. *Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition, even if the Court finds Paragraph 133 to be sufficient to establish a valid cause of action against current employees, the same does not exist for former employees. There are absolutely no facts pled or asserted, or even conclusory statements made, that indicate CSA has the right to recover "chargebacks" once a Debt Consultant's employment ends and he or she is no longer receiving commission checks.

Similarly, in Paragraph 137, CSA concludes without any facts that Plaintiffs and the Class Members "are presently indebted to CSA for advances on commissions that were not in fact earned. The Counterclaim Defendants have a contractual obligation to repay the advances on commissions to CSA." (First Amended Answer at ¶ 137). Here again, these conclusions of indebtedness or of unspecified "contractual obligation[s]" fail to state a claim under *Twombly* and *Iqbal*. Because Defendant has failed to plead sufficient, plausible facts for the Court to grant relief, the Court should dismiss Count One Defendant's counterclaim.

### B.     CSA Does Not State a Valid Claim for Unjust Enrichment.

CSA seeks recovery under the theory of unjust enrichment. Unjust enrichment is a quasi-contract theory. *Burlington Northern R'way Co. v. Southwestern Electric Power Company*, 925 S.W.2d 92, 96 (Tex. App.—Texarkana, 1996). The remedy of unjust enrichment is only available when there is not a valid, express contract. *Id.* at 97. CSA does not attempt to articulate, infer or plead any facts indicating that there is <u>not</u> a valid contract between CSA and Plaintiffs such that unjust enrichment is an available remedy. Further, CSA makes the conclusory statement that the commissions "were not in fact earned" without any explanation or factual support. (First Amended Answer, ¶ 141). CSA also concludes without factual support

that "The money belongs to CSA in equity and good conscience." (*Id*., ¶ 142). Because Defendant does not plead one of the required elements of unjust enrichment and otherwise loads its claim with factless conclusions, the Court should dismiss Count Two of CSA's Counterclaim for failure to state a claim upon which relief can be granted.

    C.    **CSA Does Not State a Valid Claim for Setoff or Attorneys Fees.**

CSA asserts in Count Three that it is entitled to a setoff of its uncollected "chargebacks" against any overtime obligation. First, such setoffs are not among the limited credits employers get to take against overtime owed. *See*, 29 U.S.C. §207 (e) (5)-(7). Second, CSA omits specific facts giving rise to the setoff claim, and fails to cite any authority for the proposition that it is entitled to a setoff for unpaid commissions. Paragraph 147 states "CSA is entitled to apply the amounts of the Counterclaim Defendants' debts to CSA against any damages that CSA is adjudged to owe the Counterclaim Defendants in this action." (First Amended Answer at ¶ 147). Moreover, baldly asserting that the "money belongs to CSA under the agreements of the parties" fails to set out sufficient facts to state a claim. (*Id*., at ¶145). The above statements are nothing more than legal conclusions. Legal conclusions are insufficient to state a valid claim. *Twombly*, 550 U.S. 544, 555 (2007).

Count Four of CSA' counterclaim is a request for attorneys' fees. As this Court is aware, attorneys' fees are not available in every situation. CSA is required to articulate to this Court as well as Plaintiffs a valid theory of recovery of fees. Defendant has not articulated any facts which are a sufficient explanation of the basis of its claim for fees. Defendant will likely claim that citing a section of the Civil Practice and Remedies Code as it has done is sufficient. (First Amended Answer at ¶ 149, Doc. No. 16). However, a mere recitation of elements is not sufficient for the Court to grant relief. *Twombly*, 555 U.S. at 555. Here, CSA has not even

attempted to cite the elements, but merely listed a code section. Additionally, as the right to attorneys' fees is derivative of and based on the prior causes of actions which fail to state a claim, such a claim cannot stand alone and should be dismissed as well. Because Defendant has made no effort to allege any facts supporting a claim for attorneys' fees, the Court should dismiss Count Four of the Counterclaim.

## IV.   CONCLUSION

CSA makes no effort to allege sufficient facts on which the Court may grant relief on any of CSA's counterclaims. As a result of CSA's conclusory pleadings, the Court should dismiss its Counterclaim.

Respectfully submitted,

/s/ J. Derek Braziel
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400  Telephone
(214) 749-1010  Facsimile

**BRYAN D. POPE**
State Bar No. 00788213
**THE COCHRAN FIRM, PLLC**
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas  75219
(214) 651-4260 Telephone
(214) 651-4261 Facsimile
bpope@cochranfirm.com
**LEAD ATTORNEY**

                    **ROBERT J. CAMP**
                    State Bar No. ASB-1864-076C
                    **THE COCHRAN FIRM, PC**
                    505 20th Street North, Suite 825
                    Birmingham, AL  35203
                    (205) 244-1115 Telephone
                    (205) 244-1171 Facsimile
                    rcamp@cochranfirm.com

                    **ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2009 a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

                      /s/ J. Derek Braziel_____
                    **J. DEREK BRAZIEL**