# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUL 1 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| RUBY PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-04-0458 |
| | § | |
| TRANS HEALTH MANAGEMENT, INC., | § | |
| THI OF TEXAS, L.L.C., and | § | |
| THI OF TEXAS AT WINTERHAVEN, INC., | § | |
| | § | |
| Defendants | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION GRANTING PLAINTIFF'S MOTION TO STRIKE THI OF TEXAS AT WINTERHAVEN INC.'S COUNTER-CLAIMS

Pending in this civil action is Plaintiff's Motion to Strike THI of Texas at Winterhaven Inc.'s Counterclaims (Document No. 8). Having considered Plaintiff's Motion to Strike, Defendant's Original Answer and Counterclaim (Document No. 6), the claims raised by Plaintiff in her Original Complaint (Document No. 1), and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion to Strike THI of Texas at Winterhaven, Inc.'s Counterclaims (Document No. 8) be GRANTED.

### I. Introduction and Procedural History

Ruby Phillips ("Phillips") filed a complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA") in February, 2004, against Defendants Trans Health Management, Inc., THI of Texas, L.L.C., and THI of Texas at Winterhaven, Inc. ("THI Winterhaven"), alleging

1

12

Defendants violated the FLSA overtime provisions by failing to pay her at one-and-one-half times her regular rate of pay for hours worked in excess of forty hours per workweek. Accordingly, she is seeking damages in an amount equal to all the allegedly unpaid overtime wages owed as well as attorney's fees and costs pursuant to 29 U.S.C. § 216(b). *See* Plaintiff's Original Complaint (Document No. 1).

Defendants answered in March, 2004, alleging that Phillips was a salaried employee ineligible for overtime pay, and that she was solely employed by Defendant THI Winterhaven and not by the other defendants. In addition, Defendant THI Winterhaven alleged that "additional monies were mistakenly paid to Ms. Phillips" and filed a counterclaim "to seek recovery of said payments." Defendant's Original Answer and Counterclaim (Document No. 6 at 3). The following causes of action were referenced by Defendant THI Winterhaven in the counterclaim: conversion, breach of compensation agreement, and money had and received. *Id.* at 4.

Phillips has responded to Defendant THI Winterhaven's Counterclaim, and has moved to strike the counterclaim, arguing that the counterclaim is not permitted in actions under FLSA and citing to *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974), *Donovan v. Pointon*, 717 F.2d 1320 (10th Cir. 1983), *cert. denied*, 466 U.S. 934 (1984), and *Marshall v. Wallace Oil Co.*, Inc., 1980 WL 2101, (No. C80-451A) (N.D. Ga. 1980). *See* Plaintiff's Motion to Strike (Document No. 8).

Defendant THI Winterhaven has countered with a Response to Plaintiff's Motion to Strike, arguing that its claims arise from the same aggregate of operative facts because Defendant THI Winterhaven overpaid Phillips in reliance on misstatements made by Phillips on her time sheet. As a result, Defendant THI Winterhaven maintains that its counterclaim is compulsory under Federal Rule of Civil Procedure 13(a), as well as under *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298

(5th Cir. 1993). *See* Defendant's Response (Document No. 9).

## II. Discussion

In *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) the Fifth Circuit ruled that "[s]et-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." The Fifth Circuit's reasoning was clear and unequivocal:

> The FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer . . . . The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act.

*Brennan*, 491 F.2d at 4. The *Brennan* court further stated that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards," and that any other proceedings "would be antithetical to the purpose of the Act." *Brennan*, 491 F.2d at 4.

A singular exception to this doctrine has been recognized when an employee has previously misappropriated funds, as the return of wrongfully taken money could not reduce the employee's wage below the minimum. *Brennan*, 491 F.2d at 4, n2; *Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196 (5th Cir. 1972) (holding counterclaim permissible when employee agreed to voluntarily repay missing funds when shortages occurred through misappropriation), *cert. denied*, 409 U.S. 1108 (1973); *Conklin v. Joseph C. Hofgesang Sand Co., Inc.*, 407 F.Supp 1090 (W.D. Ky. 1975) (permitting counterclaim by virtue of a "secret gain" extracted from a third party with whom

3

plaintiff dealt on behalf of her employer). In most instances, however, actions initiated under FLSA are considered to have the purpose of enforcing a public right. *Donovan*, 717 F.2d at 1323. Permitting employers to try private claims against employees in such proceedings has been seen as "delay[ing] and even subvert[ing] the whole process." *Id.* As a result, setoffs and recoupments are disfavored in FLSA suits, *Usery v. Duccilli Formal Wear, Inc.* 1977 WL 1692 (No. C-1-76-327) (S.D. Ohio, 1977), and have been routinely disallowed by the courts. *Conklin*, 407 F.Supp at 1093.

In this case, Defendant THI Winterhaven alleges that "additional monies were mistakenly paid to Ms. Phillips" and has filed a counterclaim "to seek recovery of said payments." (Document No. 6 at 3). Although Defendant THI Winterhaven does not use the word "set-off," it is clear that the effect of such a claim, if not the intent, would be to reduce or negate the amount of money sought by Phillips. This is expressly forbidden under *Brennan*. *Brennan*, 491 F.2d at 4. Furthermore, because THI Winterhaven has not alleged misappropriation by Phillips, its counterclaim of conversion, breach of contract, and money had and received does not fall within the scope of the *Brennan* exception. *Brennan*, 491 F.2d at 4.

Defendant THI Winterhaven does not maintain the *Brennan* exception should apply, nor does it directly argue that *Brennan* is inapplicable. Instead, Defendant alleges in its Response to the Motion to Strike that its counterclaim "arise[s] from the same 'aggregate of operative facts,' being how many hours Phillips actually worked during the time in question." (Document No. 9 at 1). According to Defendant THI Winterhaven, because its claim is a compulsory counterclaim pursuant to Federal Rule 13(a), it "must be asserted in this cause." *Id.* at 2. In addition, Defendant THI Winterhaven denies that it is seeking "an offset to Plaintiff's claim," maintaining that its goal is to "affirmatively recover monies due" to them. *Id.* Although not in so many words, THI Winterhaven

4

implicitly argues in its Response that its claim is a recoupment, not a set-off.

Black's Law Dictionary distinguishes a set-off from a recoupment. A set-off is a "defendant's counterclaim arising out of a transaction independent of the plaintiff's claim." Black's Law Dictionary 1376 (7th ed. 1999). A recoupment, on the other hand, is a "[r]eduction of a plaintiff's damages because of a demand by the defendant arising out of the same transaction." *Id.* at 1280. However, a district court in Georgia has interpreted *Brennan* to declare that "neither set-off nor recoupment is permitted in an action for unpaid back wages under the FLSA." *Marshall*, 1980 WL 2101 at *2. In *Marshall*, the distinction between a set-off and a recoupment in a FLSA case was found to be "one without a difference." *Id.*

Defendant THI Winterhaven did not allege in its Original Answer and Counterclaim that the additional monies mistakenly paid to Ms. Phillips arose from the same transaction as that upon which Plaintiff's claim is based. As such, Defendant THI Winterhaven's counterclaim must be construed as seeking a set-off and is subject to dismissal under controlling Fifth Circuit precedent. *Brennan*, 491 F.2d at 4. Further, even if the Court construed Defendant THI Winterhaven's counterclaim as seeking a recoupment, the counterclaim is subject to dismissal. Because *Brennan* is controlling in this Circuit, and should be read broadly, especially in light of the disfavored status of set-off and recoupment claims, and because Defendant THI Winterhaven has offered no argument that *Brennan* is inapplicable or should be read narrowly, has not argued that *Marshall* was decided incorrectly and relies on a non-FLSA case, *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298 (5th Cir. 1993), to illustrate how Fed.R.Civ.P. 13 previously operated in the Fifth Circuit in a combined suit for negligence and strict liability under the FELA, the Court is not persuaded that a distinction should be made between a set-off and a recoupment in the present case.

The facts of this case are similar to that of *Donovan v. Pointon*, 717 F.2d 1320 (10th Cir. 1983). In *Donovan*, the Defendant employer attempted to assert setoffs in a FLSA proceeding because his employees allegedly owed him money he had previously advanced to them. The Tenth Circuit Court of Appeals opined that such a claim was not allowable in a FLSA action, and that Defendant was "free to sue his employees in state court . . . for any sum which he feels is due and owing him." *Donovan*, 717 F.2d at 1323. Here, Defendant THI Winterhaven will be able to dispute Phillips' employment status and/or the amount of hours Phillips worked in its defense of Phillip's FLSA claims. As for their counterclaim "to affirmatively recover monies due to Defendant," Defendant THI Winterhaven, like the Defendant in *Donovan*, remains free to pursue an action against Phillips in state court.

### III. Conclusion and Recommendation

Based on the foregoing the Magistrate Judge

RECOMMENDS that Plaintiff's Motion to Strike THI of Texas at Winterhaven Inc.'s Counterclaims (Document No. 8) be GRANTED and that THI at Winterhaven's Counterclaim be STRICKEN.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 15th day of July, 2004.

_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE