# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **TERESA WILLINS and JOI BROADNAX,** individually and on behalf of all others similarly situated, | § § § § | |
| **Plaintiffs,** | § § | **CAUSE NO. 3:09-CV-01025-M** |
| **v.** | § § | |
| **CSA - CREDIT SOLUTIONS OF AMERICA, INC. and DOUG VAN ARSDALE** | § § § § | |
| **Defendants.** | § § | |

### CSA'S CONSOLIDATED RESPONSE TO: (1) PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS, OR IN THE ALTERNATIVE, MOTION TO DISMISS, AND (2) PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES

Dated: November 12, 2009

Jeffrey Goldfarb
Texas Bar No. 00793820
David A. Alexander
Texas Bar No. 24045388
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

**ATTORNEYS FOR DEFENDANTS CSA – CREDIT SOLUTIONS OF AMERICA, INC. AND DOUG VAN ARSDALE**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 1

ARGUMENT AND AUTHORITIES ........................................................................... 3

    I.     The legal standard for Plaintiffs' motions to dismiss and motions to strike.......... 3

    II.    CSA's counterclaims are appropriately pleaded..................................................... 4

          A.      Plaintiffs rely on superseded language in *Brennan v. Heard*.................... 4

          B.      CSA has pleaded sufficient detail to overcome a motion to dismiss under Rule 12(b)(6).................................................................................... 7

                  i.      CSA has sufficiently pleaded its claims for breach of contract.......................................................................................... 8

                  ii.     CSA has sufficiently pleaded its claims for unjust enrichment and money had and received...................................... 9

                  iii.    CSA has sufficiently pleaded its claims for setoff and recoupment............................................................................... 10

                  iv.    CSA has sufficiently pleaded its claims for attorneys' fees. ....... 11

    III.   CSA's affirmative defenses are properly pleaded. ............................................. 12

    IV.   If the Court determines that CSA's counterclaims or affirmative defenses are deficient, CSA should be given an opportunity to re-plead......................... 14

PRAYER...................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

### CASES

*Allchem Performance Products, L.P. v. Frey*,
    No. 3:07-CV-1696-M, 2008 WL 1848461 (N.D. Tex. Apr. 21, 2008) ................................ 7-9

*Allied Chemical Corp. v. Mackay*,
    692 F.2d 854 (5th Cir. 1983) ................................................................................................ 13

*American Home Assur. Co. v. United Space Alliance, LLC*,
    378 F.3d 482 (5th Cir. 2004) ............................................................................................... 11

*Bank of Saipan v. CNG Fin. Corp.*,
    380 F.3d 836 (5th Cir. 2004) ............................................................................................ 9, 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................. 3, 7, 8, 12

*Brennan v. Heard*,
    491 F.2d 1 (5th Cir. 1974) ............................................................................................... 4 - 7

*Brown v. Whitcraft*,
    No. 3:08-CV-0186-D, 2008 WL 2066929 (N.D. Tex. May 15, 2008) ................................ 9, 10

*Doss v. Homecomings Fin. Network, Inc.*,
    210 S.W.3d 706 (Tex. App. – Corpus Christi 2006, pet. denied) .......................................... 9

*F.D.I.C. v. Niblo*,
    821 F. Supp. 441 (N.D. Tex. 1993) ................................................................................. 3, 12

*Flynn v. State Farm Fire and Cas. Ins. Co. (Texas)*,
    605 F. Supp. 2d 811 (W.D. Tex. 2009) .................................................................................. 7

*Garza v. Allied Finance Co.*,
    566 S.W.2d 57 (Tex. App. – Corpus Christi 1978, no writ) ................................................ 10

*Gonzalez v. Spears Holdings, Inc.*,
    2009 WL 2391233 (S.D. Fla. July 31, 2009) ....................................................................... 12

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
    369 F.3d 464 (5th Cir. 2004) ................................................................................................. 3

*Martinez v. Cathey*,
    215 S.W. 370 (Tex. Civ. App. 1919, writ ref'd n.r.e) ............................................................. 4

*Matter of Kosadnar*,
    157 F.3d 1011 (5th Cir. 1998) ............................................................................................. 10

# TABLE OF AUTHORITIES
### (continued)

**Page**

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007)..................................................................................8

*Monroe Firefighters Ass'n v. City of Monroe*,
    2009 WL 916272 (W.D. La. March 31, 2009) ...................................................5, 7

*Morrison v. Executive Airport Refinishing, Inc.*,
    434 F. Supp. 2d 1314 (S.D. Fla. 2005) ...................................................................7

*Raymond Weil, S.A. v. Theron*,
    585 F. Supp. 2d 473 (S.D.N.Y. 2008)...................................................................13

*Raytheon Co. v. Indigo Systems Corp.*,
    No. 4:07-cv-109, 2008 WL 5422874 (E.D. Tex. Dec. 29, 2008) ......................3, 12

*Scrofani v. Miami Rare Bird Farm, Inc.*,
    208 F.2d 461 (5th Cir. 1954) ..................................................................................7

*Siesta Village Market, LLC v. Perry*,
    No. 3:06-CV-0585-D, 2007 WL 148731 (N.D. Tex. 2007 Jan. 22, 2007).............4

*Singer v. City of Waco, Tex.*,
    324 F.3d 813 (5th Cir. 2003) ................................................................. 5, 6, 7, 11

*Smith Intern., Inc. v. Egle Group, LLC*,
    490 F.3d 380 (5th Cir. 2007) ..................................................................................8

*Software Publishers Ass'n v. Scott & Scott, LLP*, 3:06-CV-0949-G, 2007 WL 2325585
    (N.D. Tex. Aug. 15, 2007)....................................................................................15

*Staats v. Miller*,
    243 S.W.2d 686 (Tex. 1951)...................................................................................9

*Teirstein v. AGA Medical Corporation*, No 6:08-CV-14, 2009 WL 704138, *3 (E.D. Tex.
    March 16, 2009)........................................................................................8, 13, 14

*Woodfield v. Bowman*,
    193 F.3d 354 (5th Cir. 1999) ..........................................................................12, 13

## STATUTES

29 U.S.C. § 207.......................................................................................................11

TEX. CIV. PRAC. & REM. § 38.001.........................................................................11, 12

**TABLE OF AUTHORITIES**
(continued)

**Page**

**OTHER AUTHORITIES**

FED. R. CIV. P. 8 ............................................................................................*PASSIM*

FED. R. CIV. P. 12 ............................................................................................3, 7, 12

FED. R. CIV. P. 15(A) ............................................................................................14

Defendant CSA – Credit Solutions of America, Inc. ("CSA"), files this Consolidated Response to: (1) Plaintiffs' Motion to Strike Defendant's Counterclaims or in the Alternative, Motion to Dismiss for Failure to State a Claim, and (2) Plaintiffs' Motion to Dismiss Defendant's Affirmative Defenses for Failure to State a Claim.  In support of its Response, CSA states as follows:

## INTRODUCTION

An employer is permitted to seek to recover overpayments made to its employees in a case brought by employees under the Fair Labor Standards Act.  CSA has pleaded, in its claims and affirmative defenses, that Plaintiffs Teresa Willins and Joi Broadnax are indebted to CSA for advances on sales commissions that they are contractually obligated to repay.  While Plaintiffs cite a 34-year old Fifth Circuit case to challenge CSA's pleadings, more recent Fifth Circuit precedent recognizes that an FLSA defendant is entitled to assert counterclaims against former employees in these circumstances.

Moreover, CSA's affirmative defenses are properly pled.  Although Plaintiffs ask the Court to review the affirmative defenses in isolation, they are properly considered in the context of Plaintiffs' allegations in the Complaint, CSA's admissions and denials of those allegations, and CSA's allegations in support of its counterclaims.  CSA has met its burden to provide "fair notice" of each of its affirmative defenses.  Plaintiffs' Motions to Dismiss should be denied.

## FACTUAL BACKGROUND

CSA is engaged in the business of consumer debt reduction and debt settlement. Plaintiffs purport to represent a group of current and former employees of CSA who held the position of "Debt Consultant."  *See* First Am. Answer at ¶ 127-28.

Plaintiffs assert claims for unpaid overtime that they allege they are owed under the Fair Labor Standards Act ("FLSA"). *See* First Am. Compl. At ¶ 5. CSA denies all liability to Plaintiffs. CSA asserts, among other things, that Plaintiffs are exempt from the overtime provisions of the FLSA, and that even if Plaintiffs' were non-exempt, CSA's pay practices were lawful. *See, e.g.,* First Am. Answer at ¶ 48, 50-52.

As alleged, CSA's pay practices are set forth in its written employment contracts with its Debt Consultants, and in an Employee Handbook. As alleged, Debt Consultants were paid commissions for selling CSA's services to consumers. CSA advanced commissions to its Debt Consultants on or about the time of initial sale, but the commissions were not fully earned unless and until CSA earned its fees from the customers. *Id.* at ¶ 129-32.

CSA's customers sometimes cancelled their orders for services. CSA alleges that each of the Plaintiffs/Counterclaim Defendants expressly agreed in their employment contracts that CSA would have the right to adjust their *future or past* commission payments due to any client cancellations. Notwithstanding these agreements, the Plaintiffs/Counterclaim Defendants failed to repay CSA for commissions that were advanced to them but were not in fact fully earned. *Id.* at ¶ 133-34.

CSA has asserted counterclaims against the Plaintiffs/Counterclaim Defendants for breach of contract. In the alternative, CSA has asserted counterclaims under the equitable doctrines of unjust enrichment and money had and received. To the extent the Plaintiffs/Counterclaim Defendants are not contractually obligated to repay the unearned advances on commissions, CSA alleges that the amounts advanced for commissions – but not fully earned – belong to CSA in equity and good conscience. Finally, CSA alleges that any hypothetical liabilities of CSA to the Plaintiffs/Counterclaim Defendants should be offset against

the Plaintiffs/Counterclaim Defendants' debts to CSA, under the doctrines of setoff and recoupment. *Id.* at ¶ 140-147.

## ARGUMENT AND AUTHORITIES

### I.    The legal standard for Plaintiffs' motions to dismiss and motions to strike.

In considering a motion to dismiss under Rule 12(b)(6), the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). A pleading satisfies Federal Rule of Civil Procedure 8(a)(2) if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Accordingly, a claim survives a motion to dismiss if the claimant pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Rule 12(f), on the other hand, provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because "striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993); *Raytheon Co. v. Indigo Systems Corp.*, No. 4:07-cv-109, 2008 WL 5422874, *1 (E.D. Tex. Dec. 29, 2008) (same). The movant must show that the allegations being challenged are "so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense <u>and</u> that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Niblo*, 821 F. Supp. at 449 (emphasis added). The court must deny a motion to strike if there is "any question of fact or law." *Id*. Likewise, when there is "no showing of prejudicial harm to the moving party" a district court should, "defer action on the motion and leave the sufficiency of the

allegations for determination on the merits." *Siesta Village Market, LLC v. Perry*, No. 3:06-CV-0585-D, 2007 WL 148731, *15 (N.D. Tex. Jan. 22, 2007).

## II.    CSA's counterclaims are appropriately pleaded.

In its counterclaims, CSA seeks to recover unearned advances of sales commissions. CSA alleges that the Plaintiffs/Counterclaim Defendants are obligated to return these sums under the terms of their contracts with CSA and/or under principles of equity.  Plaintiffs assert that the Court should strike or dismiss the counterclaims, claiming that employers may not assert counterclaims in cases brought under the FLSA.  *See* Pl's Mot. to Strike Counterclaims at 2. Plaintiffs' assertion is incorrect.  The authority on which Plaintiffs rely has been abrogated by the Fifth Circuit.

### A.    Plaintiffs rely on superseded language in *Brennan v. Heard*.

Under Texas law, employers may assert claims against sales employees to recover advances and overpayments of commissions, as long as the recovery is permitted by the parties' employment agreement.  *See, e.g. Martinez v. Cathey,* 215 S.W. 370, 371-72 (Tex. Civ. App. 1919, writ ref'd n.r.e) (upholding judgment requiring commissioned salespersons to repay advances on commissions under contract stating that advances "will be deducted from" future commissions).  Plaintiffs do not dispute these legal principles.  Instead, Plaintiffs invoke *Brennan v. Heard,* 491 F.2d 1 (5th Cir. 1974), and assert that counterclaims are impermissible in an action involving the FLSA.  In *Brennan*, an employer was found to have violated the minimum wage provisions of the FLSA.  When the district court entered judgment, it allowed the employer to exercise an offset for certain debts that the employees owed to it for goods that they purchased from the company store.  *Id*. at 3.  The Fifth Circuit reversed, holding that offsets

are "inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." *Id*. at 4.

The Fifth Circuit modified the *Brennan* holding and abrogated its principled preclusion of counterclaims almost thirty years later in *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003). In *Singer*, a fire department was found to have violated the overtime provisions of the FLSA. In awarding damages to the plaintiffs, the district court allowed the fire department to offset overpayments of wages that it had made to the plaintiffs against the amounts it was found to owe for unpaid overtime. The Fifth Circuit affirmed, stating "we hold that the FLSA **does not prohibit** the district court from applying an offset." *Id.* at 826, n.7 (emphasis added). The Fifth Circuit rejected the application of *Brennan* that the Plaintiffs advance in their Motions. It held that *Brennan* does not prohibit an offset **unless** the offset would cause the plaintiffs to receive less than the statutory minimum wage. *Id.* at 828 n.9. There was no allegation that the fire department's offset would reduce the firefighter's income below minimum wage, and therefore the employer was entitled to a credit against the judgment for amounts previously overpaid to the plaintiffs. *See id*. (because "no party contends that the offset might cause the fire fighters' wages to fall below the statutory minimum wage… *Brennan* does not prohibit the district court from applying an offset in this case."). Similarly, in this case there is no pleading or proof that CSA seeks to reduce compensation to less than minimum wage.

A Louisiana district court recently applied the reasoning in *Singer* in another case involving firefighters' FLSA claims and a fire department's counterclaims pertaining to overpayments of wages. *See Monroe Firefighters Ass'n v. City of Monroe*, 2009 WL 916272 (W.D. La. March 31, 2009). The court explained that it could "glean three general propositions from *Singer*: state law may permit setoffs from amounts due to FLSA plaintiffs (depending on

the nature of the state law relied upon), the FLSA may also permit certain setoffs, but in no circumstance can the setoffs take an employee below the statutory minimum wage." *Id*. at 12. The court determined that the fire department could properly recover on its counterclaims, because its recovery would not result in the plaintiffs receiving less than minimum wage for the hours worked. *Id*. at 14 ("the City is generally entitled to setoffs from overtime compensation owed to an individual Plaintiff… by longevity and extra shift payments made to that same Plaintiff and to which that Plaintiff was not entitled").

Despite recent authority supporting CSA's ability to assert counterclaims, Plaintiffs disregard *Singer* in their Motion to Dismiss CSA's counterclaims.[1] Instead, Plaintiffs refer to an order of this Court. *See Lewis v. Powr Guardian, Inc.*, No. 3:04-CV-1743-M (N.D. Tex. Oct. 1, 2004). In that case, this Court found that *Brennan* precluded an FLSA defendant from asserting counterclaims. *See* Pl's Ex. A. However, based on a review of the pleadings in that case, neither party brought to the Court's attention the Fifth Circuit's then recently-issued opinion in *Singer*. *See* Df's Response to Pl's Motion to Strike Counterclaims, *Lewis v. Powr Guardian, Inc.*, No. 3:04-CV-1743-M (N.D. Tex. Oct. 25, 2004). Similarly, Plaintiffs refer in their Motion to an unpublished report and recommendation by Magistrate Judge Stacy, in which the Court relied upon *Brennan* to recommend dismissal of an FLSA defendant's counterclaim. *See* Pl's Ex. B. This opinion is not persuasive because: (a) Judge Stacy based her recommendation on the fact that the defendant did not "directly argue that *Brennan* is inapplicable;" and (b) Plaintiffs do not

---

[1] Plaintiffs cite *Singer* for an unrelated issue in their Motion to Dismiss CSA's Affirmative Defenses. *See* Mot. to Dismiss Aff. Defenses at 5, but do not mention it in their argument regarding the propriety of pleading counterclaims.

show whether this non-binding report and recommendation was ultimately adopted by the District Court.[2]

While litigants in other cases may have failed to identify the Fifth Circuit's controlling authority in *Singer*, this Court is not bound by principles of *stare decisis* to continue the practice. To the contrary, that doctrine indicates that the Court should follow the Fifth Circuit's decision. *See Flynn v. State Farm Fire and Cas. Ins. Co. (Texas)*, 605 F. Supp. 2d 811, 828 (W.D. Tex. 2009) (*stare decisis* requires a district court to follow Fifth Circuit precedent). The courts that have considered the impact of the Fifth Circuit's *Singer* opinion are in unison; an employer in CSA's position may assert counterclaims and defenses based on overpayments of commissions or wages. *See, e.g., Monroe Firefighters Ass'n*, 2009 WL 916272, at *12; *Morrison v. Executive Airport Refinishing, Inc*., 434 F. Supp. 2d 1314, 1321 (S.D. Fla. 2005) ("the Fifth Circuit has since clarified that its holding in *Brennan* does not prohibit a district court from applying a setoff where the setoff will not cause a plaintiff's wages to fall below the statutory minimum.").

**B.    CSA's has pleaded sufficient detail to overcome a motion to dismiss under Rule 12(b)(6).**

Rule 8(a) requires a claimant to plead a "short and plain statement" showing its entitlement to relief. In considering motion to dismiss, "the complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts in the complaint must be taken as true." *Allchem Performance Products, L.P. v. Frey*, No. 3:07-CV-1696-M, 2008 WL 1848461, *3 (N.D. Tex. Apr. 21, 2008). Contrary to Plaintiffs' assertions, these liberal pleading standards were not materially altered by the Supreme Court's decision in *Twombly*. *See Twombly*, 550 U.S.

---

[2]    Plaintiffs cite to two additional orders in which a district court purports to dismiss a defendant's counterclaims. *See* Pl's Ex. C and Ex. D. The orders are perfunctory, each consisting of three sentences without any analysis or explanation of the courts' reasoning. These orders not persuasive or precedential. *See, e.g. Scrofani v. Miami Rare Bird Farm, Inc*., 208 F.2d 461, 464 (5th Cir. 1954) (when a district court dismiss a claim "without an indication as to the ground upon" the decision has no preclusive effect).

at 570 ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); *see also, McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) ("[t]his does not suggest that *Twombly* changed the pleading requirement of Federal Rule of Civil Procedure 8"); *Teirstein v. AGA Medical Corporation*, No 6:08-CV-14, 2009 WL 704138, *3 (E.D. Tex. March 16, 2009) (same). The *Twombly* decision simply reinforces the long-standing rule that a pleading must contain factual allegations sufficient to "raise a non-speculative right to relief." *Allchem Performance Products, L.P.,* 2008 WL 1848461, at *3. CSA has met this burden.

### i.    CSA has sufficiently pleaded its claims for breach of contract.

To state a claim for breach of contract, a claimant must show: (1) a valid contract existed between the parties; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff sustained damages as a result of the breach. *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Plaintiffs assert that CSA has failed to plead its breach of contract claim with sufficient particularity. Plaintiffs' argument is misplaced.

CSA has pleaded that the Plaintiffs/Counterclaim Defendants entered into written contracts of employment with CSA that governed the terms of their compensation. *See* First Am. Answer at ¶ 129. CSA has pled that one of these terms was an agreement by each Plaintiff/Counterclaim Defendant that CSA would have the right to adjust his or her *future or past* commission payments due to any client cancellations. *Id.* at ¶ 133. CSA has pled that it tendered performance under the contract by advancing commission payments to the Plaintiffs/Counterclaim Defendants. *Id.* at ¶¶ 131, 136. CSA has pleaded that the Plaintiffs/Counterclaim Defendants breached the contract by failing to repay CSA for advances

on commissions that were not in fact earned. *Id.* at ¶¶ 130, 134, 138. And finally, CSA has pled that the Plaintiffs/Counterclaim Defendants' breach of contract has caused CSA to suffer damages. *Id.* This Court has found similar allegations sufficient to state a claim for breach of contract. *Allchem Performance Products, L.P.*, 2008 WL 1848461, *3 (denying motion to dismiss when the plaintiff alleged that a valid employment contract existed, alleged the defendant breached a confidentiality provision, and alleged that the breach caused the plaintiff to suffer damages). Indeed, Plaintiffs/Counterclaim Defendants are on fair notice of the claims and are sufficiently aware of the matters at issue, as they articulated grounds to seek to strike the claims.

### ii.    CSA has sufficiently pleaded its claims for unjust enrichment and money had and received.

Under Texas law, money had and received is an equitable doctrine applied to prevent unjust enrichment. *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004). A cause of action for money had and received is "less restricted and fettered by technical rules and formalities than any other form of action." *Id.* (*citing Staats v. Miller*, 243 S.W.2d 686, 687-88 (Tex. 1951)). The sole question for the district court is whether the defendant "holds money which in equity and good conscience belongs to" the plaintiff. *Id.* The claim "is not based on wrongdoing but instead, looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another." *Brown v. Whitcraft*, No. 3:08-CV-0186-D, 2008 WL 2066929, *5 (N.D. Tex. May 15, 2008) (*citing Doss v. Homecomings Fin. Network, Inc.*, 210 S.W.3d 706, 711 (Tex. App. – Corpus Christi 2006, pet. denied). A claim for money had and received is available when there is no express contract governing the ownership of funds. *Doss*, 210 S.W.3d at 709 n.4.

Under Rule 8(d), CSA is permitted to plead "as many separate claims or defenses as it has," even if its alternative claims would not be consistent with one another. CSA has pleaded that, to the extent its employment agreements with the Plaintiffs/Counterclaim Defendants do not require the Plaintiffs/Counterclaim Defendants to return the unearned advances on commissions: (a) the Plaintiffs/Counterclaim Defendants have been unjustly enriched, and (b) the payments belong to CSA in equity and good conscience. *See* First Am. Answer at ¶¶ 141-43. These payments belong to CSA because they represent advances on commissions that CSA paid to Plaintiffs/Counterclaim Defendants on account of customers who cancelled CSA's services (*i.e.*, CSA did not receive payment for its services, and it is therefore inequitable for CSA's Debt Consultants to retain commissions). *See id.* at 131-33. These allegations are sufficient to overcome Plaintiffs' motion to dismiss. *See Brown*, 2008 WL 2066929, *5 (one paragraph allegation sufficient to state a claim for money had and received because it identified how the defendant received money, and characterized the payment as unjust enrichment); *Bank of Saipan*, 380 F.3d at 840 (pleading requirements are more relaxed for claims of money had and received than other causes of action).

### iii.    CSA has sufficiently pleaded its claims for setoff and recoupment.

In Texas, the doctrines of setoff and recoupment may be pled both as counterclaims and as affirmative defenses to a plaintiff's claims. *See, e.g., Garza v. Allied Finance Co.*, 566 S.W.2d 57, 62-63 (Tex. App. – Corpus Christi 1978, no writ). The doctrine of recoupment "allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out of the same transaction to arrive at a just and proper liability on the plaintiff's claim." *Matter of Kosadnar*, 157 F.3d 1011, 1013 (5th Cir. 1998). Setoff, on the other

hand, involves a claim by a defendant arising out of a different transaction than that on which the plaintiff's claim is based.  *Id.*

Plaintiffs argue that CSA's claims for setoff and recoupment should be dismissed because they are not "among the limited credits employers get to take [under the FLSA] against overtime owed."  *See* Pl's Mot. to Strike at 7 (*citing* 29 U.S.C. § 207(e)).  However, the Fifth Circuit has expressly rejected this argument.  *See Singer*, 324 F.3d at 826-27.  The portions of the FLSA cited by Plaintiffs (29 U.S.C. §§ 207(e) and (h)) pertain to the calculation of overtime compensation owed to non-exempt employees.  These provisions do not prohibit an employer from exercising an offset for overpayments of wages or commissions, and they do not prohibit an employer from asserting counterclaims against employees in court proceedings.  *See Singer*, 324 F.3d at 826-27.  The Fifth Circuit has unambiguously held that a party may assert an offset, notwithstanding the statutory provisions.  *Id.* at 828.

As described in more detail above, CSA has pleaded sufficient facts to support its claim for setoff and recoupment by alleging that the Plaintiffs/Counterclaim Defendants received advances on commissions that they are contractually and equitably obligated to repay to CSA.  *Id.* at ¶ 129-34.

### iv.    CSA has sufficiently pleaded its claims for attorneys' fees.

Section 38.001 of the Texas Civil Practice & Remedies Code provides for a "mandatory award of attorney's fees for successful claimants in a breach of contract action."  *American Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482 (5th Cir. 2004).  The Fifth Circuit has held that a successful litigant is entitled to a fee award whether or not they actually invoke the statute in their pleadings.  *Id.*  As long as the opponent is put on notice that a claimant seeks to recover fees, a fee award may be properly awarded.  *Id.*

CSA has properly pleaded claims against the Plaintiffs/Counterclaim Defendants for breach of contract, and has asserted a right to recover its reasonable and necessary attorneys fees under TEX. CIV. PRAC. & REM. 38.001 in connection with those claims. *See* First Am. Answer at ¶ 149. The law does not require anything further. Plaintiffs' Motion to Dismiss the claim for attorneys' fees should be denied.

### III.    CSA's affirmative defenses are properly pleaded.

Plaintiffs move to dismiss CSA's affirmative defenses under Rule 12(b)(6), but their motion is procedurally improper. The language of Rule 12 is limited to motions to dismiss a "claim for relief." When a plaintiff asserts that a defendant's affirmative defenses are defective, the appropriate remedy is to file a motion to strike. *See Niblo*, 821 F. Supp. at 449; *Raytheon Co.*, 2008 WL 5422874, *1. Even if Plaintiffs had styled their Motion as a Motion to Strike, however, their request is improper.

Affirmative defenses are generally subject to the requirement under Rule 8 that allegations "be simple, concise, and direct." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Contrary to Plaintiffs' misinterpretation of *Twombly* (discussed in more detail above), no technical form is required for a party to assert an affirmative defense. *Id*. The post-*Twombly* authority that Plaintiffs cite in their own Motion holds that "Rule 8 does not obligate a defendant to set forth detailed factual allegations" in support of affirmative defenses. *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233 (S.D. Fla. July 31, 2009). Accordingly, motions to strike a party's affirmative defense are generally disfavored, and a challenged defense should be stricken only when it is patently frivolous, or if it is clearly invalid as a matter of law. *Id.*; *see also Niblo*, 821 F. Supp. at 449. Even when an affirmative defense contains a technical defect, the affirmative defense should not be stricken when it is raised in a manner that does not subject the

plaintiff to unfair surprise. *Allied Chemical Corp. v. Mackay*, 692 F.2d 854, 855-56 (5th Cir. 1983). One court has gone so far as to hold that "[t]here is nothing dumber than a motion to strike boilerplate affirmative defenses; it wastes the client's money and the court's time." *Raymond Weil, S.A. v. Theron*, 585 F. Supp.2d 473, 489-90 (S.D.N.Y. 2008) (striking unsubstantiated defenses at summary judgment stage).[3]

In their Motions to Dismiss, Plaintiffs rely heavily on *Woodfield,* 193 F.3d at 362, which purportedly stands for the proposition that it is improper for a defendant to merely name an affirmative defense in its answer. Plaintiffs misstate the substance of the court's holding. The Fifth Circuit expressly held that, "in some cases, merely pleading the name of the affirmative defense ... *may be sufficient* to give the plaintiff fair notice of the defense being advanced." *Id*. (emphasis added). When evaluating the sufficiency of an affirmative defense, the question is whether the defendant's allegations deprive a plaintiff of "fair notice" and causes the plaintiff to be a "victim of unfair surprise." *Id*. To determine whether "fair notice" has been given, the court should examine the affirmative defenses in the context of the entire pleading, including the defendant's admissions and denials wherein it incorporates various allegations from the plaintiff's complaint. *Teirstein*, 2009 WL 704138, at *6.

CSA's Answer provides fair and adequate notice of each of its affirmative defenses. For instance, CSA pleads that Plaintiffs are not entitled to recover under the FLSA because they satisfy one of several statutory exemptions or exclusions. *See* First Am. Answer at ¶¶ 50-51. CSA also pleads that it satisfies the FLSA's good faith defense. *See* First Am. Answer at ¶ 59. Although Plaintiffs assert that these affirmative defenses are not sufficiently pleaded, they cannot

---

[3]   CSA recognizes that a fraud affirmative defense is an exception to this rule, and should be pled with particularity under Rule 9(b). CSA believes that facts sufficient to support this defense may be disclosed during the course of discovery. Accordingly, CSA does not oppose the Court striking the defense without prejudice to CSA's right to amend its pleadings in accordance with the Court's scheduling order.

meet their burden to show that CSA has deprived them of "fair notice." Plaintiffs' clearly comprehend the statutory and regulatory authority that CSA relies upon for its defenses, since Plaintiffs include excerpts and a discussion of the authorities in their Motion. *See* Pl's Mot. to Dismiss Aff. Defenses at 3, 5 (citing the Department of Labor's regulation governing an employee's eligibility for the executive exemption and statute barring liquidated damage award when employer acted in good faith). The cited authorities provide detailed criteria from which Plaintiffs' status under the FLSA will be evaluated.

Plaintiffs are wrong to suggest that CSA is obligated include in its Answer a comprehensive explanation of how its pay policies complied with the FLSA. *See* Pl's Mot. to Strike at 6. Considering a similar question in the context of a patent infringement case, the District Court for the Eastern District of Texas held that a defendant's affirmative defenses are sufficient if they identify the disputed patent and simply state that the patent "fail[s] to satisfy one of more of the statutory requirements" of a cited federal patent law. *Teirstein*, 2009 WL 704138, at *5. The specifics of how the statute was or was not violated are appropriately left to the discovery process. *Id*. at *4. Here, CSA has identified its former employees, has provided a description of their duties and compensation structure, and has alleged that its compensation of the employees satisfies specific statutory and regulatory exemptions to the FLSA. *See, e.g.,* First Am. Answer at ¶¶ 50-51, 72-131. Nothing more is required. *See Teirstein*, 2009 WL 704138, at *5-6. Additional factual detail and development are properly addressed through discovery, not the pleadings.

**IV.     If the Court determines that CSA's counterclaims or affirmative defenses are deficient, CSA should be given an opportunity to re-plead.**

Under Rule 15(a), leave to amend should be freely given "when justice so requires." A scheduling order has not yet been entered in this case, and the Court has not yet established a

---

deadline for amending pleadings. Even if the Court were to find that any of CSA's counterclaims or affirmative defenses lacked "enough factual specificity to state a facially plausible claim for relief," the Court should permit CSA to re-plead. *Id*. at \*5; *see also Software Publishers Ass'n v. Scott & Scott, LLP*, 3:06-CV-0949-G, 2007 WL 2325585 (N.D. Tex. Aug. 15, 2007) (Fish, J) (granting leave to amend after striking affirmative defenses).

## **PRAYER**

WHEREFORE, CSA prays that the Court deny Plaintiffs' Motion to Strike and Motions to Dismiss, and award Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,


/s/ David A. Alexander
Jeffrey Goldfarb
Texas Bar No. 00793820
David A. Alexander
Texas Bar No. 24045388
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

**ATTORNEYS FOR DEFENDANTS CSA
– CREDIT SOLUTIONS OF AMERICA,
INC. AND DOUG VAN ARSDALE**


CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties of record via the Court's electronic case filing (ECF) system on this 12th day of November, 2009.


/s/ David A. Alexander
David A. Alexander