IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WILLINS and JOI BROADNAX, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CSA - CREDIT SOLUTIONS OF AMERICA, INC. and DOUG VAN ARSDALE<br><br>Defendants. | §§§§§§§§§§§§§ | CAUSE NO. 3:09-CV-01025-M |

**CSA'S SUR-REPLY IN OPPOSITION TO: (1) PLAINTIFFS' MOTION
TO STRIKE DEFENDANT'S COUNTERCLAIMS, OR IN THE
ALTERNATIVE, MOTION TO DISMISS, AND (2) PLAINTIFF'S
MOTION TO DISMISS DEFENDANT'S AFFIRMATIVE DEFENSES**

Defendant CSA – Credit Solutions of America, Inc. ("CSA"), files this Sur-Reply in Opposition to: (1) Plaintiffs' Motion to Strike Defendant's Counterclaims or in the Alternative, Motion to Dismiss for Failure to State a Claim, and (2) Plaintiffs' Motion to Dismiss Defendant's Affirmative Defenses for Failure to State a Claim (collectively, the "Motions"). In support of its Sur-Reply, CSA states as follows:

Plaintiffs improperly marginalize the importance of *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003), and wrongly claim that CSA "misleads the Court" by citing to language where the Fifth Circuit holds that "the FLSA **does not prohibit** the district court from applying an offset." *Id.* at 826, n.7 (emphasis added); Reply at 1. In a newly issued opinion, the United States District Court for the Middle District of Florida follows CSA's interpretation of this unambiguous language and holds that counterclaims and setoffs analogous to those pleaded

by CSA are permissible in actions brought under the FLSA. *See Hansen v. ABC Liquors, Inc.*, 2009 WL 3790447 (M.D. Fla. Nov. 9, 2009).

In *Hansen*, a plaintiff sued his employer for unpaid overtime, and the employer asserted setoff as an affirmative defense. *Id*. at *3. The employer alleged that it was entitled to setoff the "pay that an employee receives to which he or she was not otherwise entitled" against any amount of overtime compensation that the employer was adjudged to owe under the FLSA. *Id*. The plaintiff filed a motion to dismiss, arguing that setoffs are prohibited in FLSA actions under the Fifth Circuit's opinion in *Brennan v. Heard,* 491 F.2d 1 (5th Cir. 1974). The district court denied the motion. It explained that, in light of the Fifth Circuit's subsequent holding in *Singer*, "*Brennan* does not stand for the proposition that set-offs are always inappropriate; but rather *Brennan* stands for the more limited proposition that set-offs cannot cause a plaintiff's wages to fall below the statutory minimum." *Id*. The district court held that the affirmative defenses brought by the employer (a private liquor store, not a municipality that hired firefighters) would not be dismissed because the plaintiff had "not alleged he would receive a sub-minimum wage payment as a result of the defense of set-off." *Hansen*, 2009 WL 3790447, *1. Similarly, Plaintiffs in this case have not alleged that CSA's successful assertion of its counterclaims or affirmative defenses would cause their compensation to fall below the statutory minimum wage. Accordingly, the counterclaims and affirmative defenses should not be dismissed at the pleading stage. *See id.*; *Singer,* 324 F.3d at 826, n.7.

Plaintiffs ask the Court to disregard *Singer* and to prohibit offsets in a case where the minimum wage is not at issue. Plaintiffs present a hypothetical situation involving an employee who is owed $1,000 for unpaid overtime wages. Plaintiffs assert that permitting CSA to offset even a penny against the overtime owed would deprive the hypothetical plaintiff of a "cash in

hand" premise that underlies the FLSA, even if the same employee is indebted to CSA for $1,000 worth of commissions that the employee received but did not in fact earn. *See* Reply at 3. The hypothetical argument is not soundly based on the case law. In *Brennan*, the Fifth Circuit relied on statutory and Supreme Court precedent to hold the minimum wage owed to an employee must generally be paid "free and clear." *Brennan,* 491 F.2d at 3. The *Brennan* Court rejected an employer's attempt to offset debts for goods the employees purchased from the company store, because the offset would deprive the employees of "cash in hand" equal to the minimum wage earned. However, in *Singer*, the Fifth Circuit clarified that the "cash in hand" premise applies in the context of the minimum wage provisions of the FLSA, but allowed an offset in the context of alleged overtime compensation. *See Singer,* 324 F.3d at 828, n.9 (permitting an offset where "no party contends that the offset might cause the [plaintiffs'] wages to fall below the statutory minimum wage."). The Middle District of Florida's persuasive opinion in *Hansen* applies this interpretation of the FLSA. Accordingly, CSA should be given an opportunity to pursue its counterclaims and affirmative defenses, and this opportunity should not be rejected at the pleading stage. *See Hansen*, 2009 WL 3790447, *3 ("As resolution of this issue necessarily involves factual determinations as to what exactly was paid and/or owed, the Court cannot say that the defense has no possible relationship to the controversy and no prejudice is apparent to awaiting a resolution on the merits").

     WHEREFORE, CSA prays that the Court deny: (1) Plaintiffs' Motion to Strike Defendant's Counterclaims or in the Alternative, Motion to Dismiss for Failure to State a Claim, and (2) Plaintiffs' Motion to Dismiss Defendant's Affirmative Defenses for Failure to State a Claim. CSA further prays that the Court award Defendants such other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ David A. Alexander

Jeffrey Goldfarb
Texas Bar No. 00793820
David A. Alexander
Texas Bar No. 24045388
DLA Piper LLP (US)
1717 Main Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

**ATTORNEYS FOR DEFENDANTS CSA – CREDIT SOLUTIONS OF AMERICA, INC. AND DOUG VAN ARSDALE**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties of record via the Court's electronic case filing (ECF) system on this 10th day of December, 2009.

/s/ David A. Alexander
David A. Alexander