IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA WILLINS and JOI BROADNAX, On Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-cv-1025-M |
| CREDIT SOLUTIONS OF AMERICA, INC. and DOUG VAN ARSDALE | § § § § | |
| Defendants | § | |

### REPLY TO DEFENDANT'S SUR-REPLY TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS AND PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiffs file this Reply to Defendant's Sur-Reply to Plaintiffs' Motion to Strike Defendant's Counterclaims and Motion to Strike Affirmative Defenses. In support of their Reply, Plaintiffs state as follows:

CSA filed a Sur-Reply to Plaintiffs' Motion to Strike Defendant's Counterclaims and Motion to Strike Affirmative Defenses, purportedly to direct the Court to new authority in support of CSA's position. However, the recent unpublished decision by a Florida district court cited in Defendant's Sur-Reply not only misstates the Fifth Circuit's holding in *Singer*, but also misses the point of *Brennan*. *City of Waco v. Singer*, 324 F.3d 813 (5th Cir. 2003); *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974). As Plaintiffs articulated in their original Reply brief (Dkt. No. 29), *Singer* expressly did not modify or abrogate *Brennan*. *See Singer*, 324 F.3d at 828, n.9. Accordingly, counterclaims are inappropriate in FLSA cases even where the issue is failing to provide the minimum amount require by law for overtime as opposed to minimum wages.

Defendant's Sur-Reply cites to an unreported opinion out of the Middle District of Florida as support for its position that this Court should permit CSA's counterclaims in this FLSA case. *Hansen v. ABC Liquors, Inc.*, 2009 WL 3790447 (M.D. Fla. Nov. 9, 2009). The new, non-binding case cited by Defendant is an incorrect reading of both *Singer* and *Brennan*. Further, *Hansen* fails to take into account the public sector factual setting of *Singer* and as a result, is not an accurate analysis of Fifth Circuit precedent.

As Plaintiffs articulated in their Reply brief, the factual setting in *Singer* was unique. The *Singer* plaintiffs were firefighters and subject to a 207(k) plan, which is a limited exemption to the FLSA. *See* 29 U.S.C. § 207(k). The firefighters worked long hours, but their hours were based on regularly scheduled shifts. In *Singer*, the Fifth Circuit determined that the city of Waco could prepay its overtime obligation which had the effect of reducing its overtime obligation in later weeks. *Singer*, 324 F.3d at 826. Thus, the *Singer* court permitted the city to offset a <u>prepayment of overtime wages</u> in one period against the overtime wages required in another period where the schedules of the employees involved regular periods of long and short weeks. *Id*. The so-called "offset" is the functional equivalent of an accounting reconciliation for employees who regularly worked specific, repeating schedules and were paid under a 207(k) plan. The payments were not classified as a set off under the FLSA, but rather as monies the city had prepaid. *Singer* was a public sector situation, dealing with a Section 207(k) plan and therefore, is not generally applicable to all situations where an FLSA defendant is seeking an offset. As a result, *Hansen's* reliance on and interpretation of *Singer* is inappropriate.

More importantly, *Singer* expressly did not modify or abrogate *Brennan*. *See Singer*, 324 F.3d at 828 n.9. Rather, in a footnote, the *Singer* court made a point to show how its holding was not contrary to *Brennan*. *Id*. The *Singer* court's finding that its decision is consistent with

*Brennan* is a far cry from modifying or abrogating *Brennan's* holding. Nothing in *Singer* hints at needing to modify or abrogate a long-standing Fifth Circuit decision. If the *Singer* court intended to modify, overturn, or limit a prior panel decision, it would have had to do so expressly. Because *Singer* did not expressly modify *Brennan*, it did not intend to do so, and the Florida court's interpretation of *Singer* in the *Hansen* opinion is incorrect. *Brennan* is still good law and still prohibits offsets like the ones being sought in this case and the Court should strike Defendant's counterclaims.

It is clear that *Singer* did not modify or abrogate *Brennan*, as explained in Plaintiff's Reply brief. However, should this Court determine that *Singer* did modify *Brennan*, the Court is still bound to follow the precedent set forth in *Brennan* because *Brennan* was decided prior to *Singer*. A subsequent panel of a circuit court cannot overturn, abrogate or modify a later panel. *Borgships, Inc. v. Ferrera*, 163 F.3d 1356, 1998 WL 857875 (5th Cir. 1998); *Johnson v. Moral*, 843 F.2d 846, 847 (5th Cir. 1988); *Ryals v. Estelle*, 661 F.2d 904, 906 (5th Cir. 1981). In fact, "should a later panel render a decision conflicting with that of an earlier one, it is the earlier decision which is to be followed and not the later". *Johnson*, 843 F.2d at 847. Accordingly, if Defendant is correct that *Singer* actually modified *Brennan*, which it did not, this Court is bound to follow the precedent set by *Brennan* rather than *Singer* because of the prior panel rule.

The allegedly overpaid commissions at issue in Defendant's counterclaims fall well outside the bounds of *Brennan* and the circumstances of *Singer* (even if there is a need to consider the circumstances). Because the new case cited by CSA is a misreading of *Singer,* and *Singer* did not overturn *Brennan*, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Strike Defendant's Counterclaims and Plaintiffs' Motion to Strike Defendant's Affirmative Defenses.

Respectfully submitted,

/s/ J. Derek Braziel
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400  Telephone
(214) 749-1010  Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of December, 2009 a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

  /s/ J. Derek Braziel_____
**J. DEREK BRAZIEL**